**Miguel PEREZ**

v.

**DUESBERG–BOSSON COMPANY OF AMERICA**

v.

**SYKES BROTHERS, INC.**

**Civ. A. No. 76–1254.**

United States District Court, E. D. Pennsylvania.

April 5, 1978.

Donald F. Manchel, Manchel, Lundy & Lessin, Philadelphia, Pa., for plaintiff.

Harry A. Short, Jr., Liebert, Short, Fitzpatrick & Lavin, Howard M. Ellner, Philadelphia, Pa., for defendant.

## MEMORANDUM SUR MOTION TO AMEND JUDGMENT

VanARTSDALEN, District Judge.

The plaintiff, Miguel Perez, filed the above captioned lawsuit seeking damages for personal injuries sustained in connection with a carding machine manufactured by the defendant, Duesberg-Bosson Company of America (DB). The legal basis of the diversity complaint was that DB was strictly liable for the injuries sustained by Perez because the machine was defective and unreasonably dangerous. DB joined the plaintiff's employer, Sykes Brothers, Inc. (SB) as a third party defendant seeking contribution as a joint tortfeasor in the event DB was found liable. The basis of this third party complaint was negligence.

A jury returned a verdict in favor of plaintiff and against DB in the amount of $150,000 and on the third party complaint found in favor of DB and against SB. The jury was charged on a theory of *strict liability* as to DB and *negligence* as to SB. No objections were made as to these charges at least on their general theoretical basis.

Following the verdict, a judgment was entered accordingly. The judgment was in favor of the plaintiff Perez and against DB and on the third party complaint for contribution in favor of DB and against SB.

The plaintiff has moved, 3½ months following the entry of the judgment, pursuant to Fed.R.Civ.P. 60, to amend that judgment on the basis that it was error for the court to instruct upon a right of contribution to DB since DB was found liable in *strict liability* and SB was merely found to be *negligent* and, therefore, DB and SB cannot be joint tortfeasors for the purposes of contribution.

Although the legal issue presented by the instant motion appears to have been decided adversely to the plaintiff, *Chamberlain v. Carborundum Co.*, 485 F.2d 31 (3d Cir. 1973), we need not address that issue as the motion is not encompassed by Fed.R.Civ.P. 60 and is untimely under Fed.R.Civ.P. 59.

The purpose of Rule 60 is evident on its face. Subpart 60(a) affords relief from a judgment due to a clerical mistake. Obviously that form of relief is not sought here. Subpart 60(b) provides for relief from a judgment for "mistake, inadvertence, surprise, . . . excusable neglect, . . newly discovered evidence . . . fraud . . . misrepresentation . . . misconduct . . . or any other reason justifying relief." The plaintiff here contends that the trial court erred in submitting a case to the jury where the prime defendant (DB) was alleged to be *strictly liable* in tort and the third party defendant was alleged to be liable for contribution as a joint tortfeasor on the basis of *negligence*. The charge to the jury based on these general legal principles was not objected or excepted to by the plaintiff. Therefore, it is clear that under the guise of Rule 60 the plaintiff seeks to correct what it contends to be an erroneous instruction to the jury.

It appears to be well established that Rule 60 is not a substitute for appeal. C. Wright & A. Miller, Federal Practice and Procedure, § 2851 at p. 142 (1973). In *Torockio v. Chamberlain Mfg. Co.*, 56 F.R.D. 82, 87 (W.D.Pa.1972), *affirmed by judgment order*, 474 F.2d 1340 (3d Cir. 1973), the district court held that to construe the language "mistake" in subpart 60(b) as meaning an error in legal judgment (subject to the normal course of appeal) would be to convert the rule into "a vehicle for horizontal appeal, a purpose for which it was not designed." It is important to note that a proper motion under Rule 60 may be filed within a "reasonable time" but not later than one year from the entry of judgment in question. Under Rule 59 a motion seeking a new trial or the alteration of a judgment on the basis of legal error must be filed within 10 days of the entry of judgment. Fed.R.Civ.P. 59. This certainly suggests that Rule 60 and its language of "mistake, inadvertence, surprise or excusable neglect" was not intended to cover mere erroneous decisions of law which might have been subject to appeal. In this vein the Court of Appeals for the First Circuit stated in *Silk v. Sandoval*, 435 F.2d 1266,

1267–1268 (1st Cir.) *cert. denied*, 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971):

If the court merely wrongly decides a point of law, that is not "inadvertence, surprise, or excusable neglect." Moreover, these words, in the context of the rule, seem addressed to some special situations justifying extraordinary relief. Plaintiff's motion is based on the broad ground that the court made an erroneous ruling, not that the mistake was attributable to special circumstances. We would apply the same equitable conception to "mistake" as seems implicit in the three accompanying grounds . . . .

A contrary view, that "mistake" means any type of judicial error, makes relief under the rule for error of law as extensive as that available under Rule 59(e), which permits motions to "alter or amend judgments." Obviously any such motion presupposes a mistake. Indeed, the argument advanced is that a broad construction of "mistake" beneficially extends the ten-day limit for motions under Rule 59(e). Calling this a benefit loses sight of the complementary interest in speedy disposition and finality, clearly intended by Rule 59.

▮ This construction of Rules 59 and 60 is logical and reasonable. Alleged mistakes or errors of law resulting in a particular judgment should be subject to the time limitations of direct appeal or motions for a new trial. Errors in a final judgment due to "mistake, inadvertence, surprise, . . newly discovered evidence" *et cetera* should be subject to Rule 60 and its more liberal time limitations. Clearly, in the present motion, the plaintiff is seeking relief for what it believes to be an error in legal judgment by the district court, *i. e.*, permitting the jury to find a merely negligent party liable in contribution to a party strictly liable in tort. The plaintiff could have appealed directly but it did not do so. Now the plaintiff attempts to avoid the adverse consequences of this choice under the guise of a Rule 60 motion.

The motion will be denied as untimely under Rule 59 and unmeritorious under Rule 60.