Rose and Richard COOPER on behalf of themselves and all others similarly situated

v.

Patricia Roberts HARRIS, Secretary of the Department of Health, Education and Welfare.

Civ. A. No. 78–594.

United States District Court, E. D. Pennsylvania.

June 18, 1980.

Henry J. Sommer, Community Legal Services, Inc., Philadelphia, Pa., for plaintiffs.

Jack Wojciechowski, Social Security Division, Dept. of H.E.W., Washington, D. C., for defendant.

## MEMORANDUM

LUONGO, District Judge.

On December 29, 1978, I issued a final judgment in this class action, declaring that sections 202(b)(1)(B) and 202(c)(1)(B) of the Social Security Act, 42 U.S.C. § 402(b)(1)(B), (c)(1)(B) (1976), taken together, denied plaintiff Richard Cooper and the unnamed class members equal protection of the laws by denying them "husband's insurance benefits" solely on the basis of gender.[1] The class consisted of husbands (a) whose wives receive disability insurance benefits, (b) who applied for "husband's insurance benefits" based on their wives' earnings records, (c) who had in their care at least one minor child who is entitled to "child's insurance benefits" based on the

---

1. Under the statutory scheme, the wife of a disabled wage earner is entitled to "wife's insurance benefits" if she either has reached age 62 or has in her care a minor child entitled to child's insurance benefits; the husband of a disabled wage earner, however, is entitled to "husband's insurance benefits" only if he has reached age 62. The opinion certifying the class and declaring the statutory scheme unconstitutional is reported *sub nom. Cooper v. Califano*, 81 F.R.D. 57 (E.D.Pa.1978).

mother's earnings record, and (d) whose claims either (1) were finally denied, following exhaustion of administrative remedies, between January 10, 1978 and December 29, 1978, inclusive, because they had not reached the age of sixty-two, or (2) were denied at some level of the administrative process between January 10, 1978, and December 29, 1978, inclusive, because they had not yet reached the age of sixty-two, and are subject to further consideration by the Secretary. The claims of Richard Cooper, and those class members who had exhausted their administrative remedies and were finally denied benefits, were remanded to the Secretary for reconsideration. In addition, the Secretary was enjoined from applying the age requirement to deny benefits to those class members whose claims had been denied at some level of the administrative process and were subject to further consideration.

■ Plaintiff now complains that the Secretary is currently denying "husband's insurance benefits" to applicants not included in the plaintiff class—*i. e.*, those husbands who applied for or were denied benefits after December 29, 1978. He moves under Rule 60(b) to amend the class certification order to include future applicants. *See generally* Fed.R.Civ.P. 60(b). He argues that relief is justified under either subsection (b)(1), (b)(3), or (b)(6) because neither the expectation of this court in molding the order nor that of plaintiff has been borne out by the Secretary's conduct subsequent to the decision in this case. According to plaintiff, this unrealized expectation was that the Secretary would either cease application of the unconstitutional statute altogether or take an appeal from my ruling. Although the Secretary did, indeed, appeal the ruling, that appeal was withdrawn in May 1979. Plaintiff did not take an appeal from the class certification order.

Whether plaintiff is entitled to a modification of the class certification order depends upon whether he can demonstrate (a) mistake, inadvertence, surprise, or excusable neglect; (b) fraud, misrepresentation, or some other misconduct by the adverse party; or (c) any other reason justifying relief. Fed.R.Civ.P. 60(b)(1), (3), (6). Before discussing whether plaintiff's mistaken assessment of the Secretary's course of conduct subsequent to my declaring the statutory scheme unconstitutional warrants relief under subsection (b)(1), (3), or (6), I will address briefly plaintiff's contention that my own assumptions in structuring the order have proved incorrect. Plaintiff suggests that I failed to enjoin the future application of this statute because I had no reason to believe that the Secretary would ignore a declaration of the statute's unconstitutionality. Whatever I may have intimated at oral argument, I would have thought it elementary that any relief, injunctive or otherwise, would run only to plaintiff's benefit and that of the class. I recognize that, as a practical matter, an injunction running only in favor of an individual very often inures to the benefit of others who are similarly situated. Nevertheless, the party so enjoined is under no legal compulsion with respect to those who are not parties to the particular action, and any incidental benefit to nonparties probably results from the losing party's reluctance to engage in future litigation on the same issue and the potential collateral estoppel effect or precedential impact of the particular decision.

In this case, I enjoined the Secretary from applying the statute to deny benefits to those class members whose claims were subject to further consideration. I reversed and remanded the claims of those class members who had been finally denied benefits under the unconstitutional statute, without a specific injunction, because I had no reason to assume that the Secretary would act other than in accordance with the declaration. 81 F.R.D. at 76. To date, the Secretary has been complying with the terms of that order. Consequently, my order has effected or will effect complete relief to plaintiff and the class here certified. Although I cannot specifically recall whether I had any illusion that the Secretary would honor my declaration beyond the confines of this case, it is abundantly clear from the opinion that any such illusion

did not inhibit the full exercise of this court's power. *See id.* at 75–76. I did not enjoin the Secretary from applying the statute to all future applicants because I read the final decision requirement of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1976), as posing a jurisdictional bar to relief for those husbands who applied for or were denied benefits subsequent to December 29, 1978. 81 F.R.D. at 65–66. While I may have hoped that the Secretary would cease applying the statute to all applicants, whether or not they were members of the plaintiff class, the order in this case was very clearly prompted not by that hope but by what I perceived to be the jurisdictional limitations of section 205(g).

Plaintiff urges that the Supreme Court's decision in *Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), approving as consistent with the review provisions of section 205(g) a nationwide class that included future claimants, underscores the inequity of the limited class definition here and counsels the requested modification. Even if I were to conclude that my interpretation of the section 205(g) requirements was unduly restrictive when viewed from the hindsight of *Califano v.*

*Yamasaki,*[2] that factor in and of itself would not justify the relief requested here. Ordinarily, Rule 60(b) may not be used to remedy the failure to take an appeal, particularly when the time for appeal has run. *See generally* 7 Moore's Federal Practice ¶ 60.22[3] (2d ed. 1948); 11 C. Wright & A. Miller, Federal Practice and Procedure ¶¶ 2858, 2864 (1973).

Plaintiff suggests, however, that his failure to take an appeal from the class certification order should be excused because his inaction was not unreasonable under the circumstances. He argues that when the Secretary filed an appeal, plaintiff assumed that an affirmance of my order by the Supreme Court would obviate any question of the statute's applicability to future applicants for husband's insurance benefits. While plaintiff's assumption was legitimate, it does not excuse his failure to appeal what he believed to be an erroneous class definition. It is a dangerous proposition for a party to rely on the actions of his opponent to effect relief that has been withheld because of an allegedly erroneous ruling by the trial court. The Secretary was at all times the master of his[3] appeal. He had no

2. Plaintiffs in *Yamasaki* challenged the procedures by which the Secretary recouped overpayments of benefits. The Court held that a recipient who files a written request for a waiver under § 204(b), 42 U.S.C. § 404(b) (1976), is entitled to a prerecoupment oral hearing. Consistent with his stance that the review provisions of § 205(g) be given a narrow interpretation, the Secretary contended that the class in *Yamasaki* went beyond the confines of § 205(g) because it included persons who had not obtained a final decision from the Secretary. The Court, however, approved the interpretation advanced by both the court of appeals and the district court, and refused to alter the relief ordered:

"The relief to which the Secretary objects in this Court is the determination that he must afford class members an opportunity for a prerecoupment oral hearing. With respect to that relief, the classes certified were plainly too broad. Both the *Elliott* [*v. Weinberger,* 564 F.2d 1219 (Cir. 9)] and the *Buffington* [*v. Weinberger,* 564 F.2d 1219 (Cir. 9)] classes included persons who had not filed requests for reconsideration or waiver in the past and would not do so in the future. As to

them, no 'final decision' concerning the right to a prerecoupment hearing has been or will be made.

The Secretary errs, however, in suggesting that the lower courts ordered that an opportunity for a prerecoupment oral hearing be afforded to those persons. The Court of Appeals aptly summarized its holding, and that of the District Courts, as being that recipients are entitled to the opportunity for a hearing 'when they claim a waiver.' 564 F.2d at 1222. Because the procedure for claiming waiver involves filing a written request with the Secretary, we cannot agree that the Court of Appeals ordered this relief for those who do not meet the jurisdictional prerequisites of § 205(g). The Secretary's objection to the class definition is well taken, but it provides no basis for altering the relief actually granted in this case."
442 U.S. 682, 704, 99 S.Ct. 2545, 2559, 61 L.Ed.2d 176 (1979).

3. Joseph Califano, the predecessor in office to Patricia Harris and the original named defendant in this action, was the Secretary of HEW when the appeal in this case was pending and

obligation to vindicate the interests of the future applicants excluded from the class by prosecuting the appeal to a decision. To the contrary, plaintiff had the duty here to protect the interests of those excluded from the class by any misrepresentation on my part of the requirements of section 205(g), and he must bear the consequences of his choice not to appeal.

Plaintiff also attempts to minimize his failure to appeal by arguing that it was not unreasonable to expect the Secretary to honor the declaration of the statute's unconstitutionality beyond the confines of this case and the class as certified. Plaintiff first points to the Secretary's representation in his brief to the Supreme Court in *Califano v. Yamasaki, supra*, that he would either abide by a statutory or constitutional decision in the jurisdiction of the court deciding the case or appeal to the Supreme Court. *See* 442 U.S. at 699, 99 S.Ct. at 2556. In addition, plaintiff adverts to the fact that in one other unappealed decision in a class action, the Secretary has applied the decision to future applicants.

I cannot say that these factors excuse plaintiff's failure to appeal the class certification order, so as to presently justify relief under Rule 60(b). First, the Secretary's acquiescence in the unappealed decision does not necessarily herald the department's conduct in all future cases and certainly does not rise to the level of a misrepresentation that would justify amending the class certification order under 60(b)(3). Second, plaintiff tries to prove too much from the Secretary's statement that he would either acquiesce in or appeal an adverse decision. Plaintiff does not contend, nor does it appear, that the Secretary made a deliberate misstatement to gain a tactical advantage over plaintiff and others who might be lulled into a false sense of security by having gained a victory at the trial level.

I recognize the inherent unfairness of the present situation, and as I stated at oral argument on this motion, the equities do not run in the Secretary's favor. Nevertheless, I cannot conclude that plaintiff has

made the requisite showing for relief under Rule 60(b)(1) or (3). Moreover, because the situation that plaintiff seeks to correct by this motion should soon ease, I am, at present, reluctant to predicate the requested amendment on Rule 60(b)(6). The Secretary has recently filed a notice of proposed rulemaking to implement the decision in this case and to provide husband's insurance benefits to those who applied after December 29, 1978. 45 Fed.Reg. 39309 (1980). Although an amendment to the class certification order would provide relief much more expeditiously to those husbands currently denied benefits, I prefer to take the more cautious approach and give the Secretary an opportunity to effect the relief through the rule-making process. Accordingly, I will deny the motion to amend the class certification order, but without prejudice to plaintiff's right to petition this court for further relief in the event that the proposed regulations are not adopted.

subsequently withdrawn, and during the prosecution of the appeal in *Califano v. Yamasaki*,

442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1980).