William H. TIMBLIN, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary, Health, Education and Welfare, Defendant.

Civ. A. No. 79–1693.

United States District Court, W. D. Pennsylvania.

Aug. 29, 1980.

Nick A. Frisk, Jr., Ellwood City, Pa., for plaintiff.

Stephen I. Goldring, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

MEMORANDUM

AND

ORDER OF COURT

ZIEGLER, District Judge.

This court is required to determine whether the findings of fact by the Secretary of the Department of Health, Education and Welfare are supported by substantial evidence. We hold that William H. Timblin is disabled within the meaning of 42 U.S.C. § 423(d) (1976) and the decision of the Secretary, which terminates disability insurance benefits and supplemental security income payments, must be reversed.

The facts and legal issues are set forth in the well–written opinion of the Administrative Law Judge and need not be repeated at length. Claimant is a 37 year old male who was employed for ten years as a shipping clerk and for five months in 1975 as a saw operator. He was awarded diability insurance benefits and supplemental security income payments for a period of disability commencing on October 14, 1975, as a result of the decision of an administrative law judge dated January 23, 1978.

That decision was predicated on evidence which, in our judgment, was even less persuasive than the instant record. However, since the duty of weighing conflicting evidence and assessing credibility is the sole function of the Secretary, we must determine whether the decision to terminate benefits is supported by substantial evidence. *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).

William Timblin is blind in the left eye and deaf in the right ear. He has undergone multiple surgical procedures to correct a chronically deficient left eye tear duct. Most of the surgery has been directed to removal of the residual effects of osteomyelitis of the left orbital floor, improvement of the appearance of the orb and correction of disfunction of the eyelid. As a result, he suffers from facial neuralgia,

diminished vision of the right eye, inability to use that eye for more than two hours of reading or close work and inability to perform any sedentary labor.

The medical reports of record establish a lengthy medical history. David Rhodes, M.D., diagnosed claimant's left orbit deformity and confirmed the absence of vision in the eye in a report dated July 27, 1978. Charles S. McConnell, M.D., reported on January 12, 1979, that claimant was suffering from a severe cosmetic facial defect with left eye vision of less than 20/400. His diagnosis was left eye ambliopia, divergant vertical strabismus, inopthalmus, and infraorbital ridge scars. Surgery was contraindicated. Both doctors opined that claimant's vision in the right eye was 20/20, but neither expressed an opinion concerning Timblin's alleged weakness of the right eye during reading or close work, and neither report mentions claimant's ability to work.

Harold L. Leitel, M.D., in a report dated May 26, 1979, found congenital strabismus of the left eye with infection and pain, decreased vision of the right eye secondary to blindness in the left eye, arterial hypertension, poor concentration, intolerance of exercise, deafness in the right ear, and a heart murmur. He opined that Timblin is disabled.

Finally, Dr. Frank D. Geer, a psychiatrist, found claimant to be suffering from tension and secondary psychosomatic headaches and neck pain, with visual problems and physical complaints. The physician concluded that claimant is unable to hold any job or function at present.

In our judgment, the testimony of claimant, coupled with the reports of Doctors Leitel and Geer, establish a prima facie case of entitlement. *See Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979). The burden then shifts to the Secretary to establish that Timblin's condition has improved to the extent that he may perform some form of substantial gainful activity and the availability of such employment within the national economy. *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979). The Secretary has failed to meet that burden.

There is no evidence of record from which this court can conclude that claimant's disability has changed. The Administrative Law Judge apparently premised his findings upon a rejection of complaints of subjective pain. However, even if we assume the fact–finder's holding in this regard is supported by substantial evidence,[1] the claimant must prevail.

Two physicians have confirmed that claimant's disability continues at present. Specific facts are provided to support these conclusions, and the Secretary cites no medical evidence to the contrary. Instead, the Secretary classifies medical facts as subjective complaints and finds the medical opinions of Doctors Leitel and Geer to be based on findings which the fact–finder may reject. We disagree.

Claimant testified that he is unable to use his right eye for reading or close work for more than two hours due to loss of visual capacity. He is required to recline two or three times per day, close his eyes and rest until normal vision returns. The vocational expert conceded that employment as a packer or cashier was impractical under these circumstances.

The Administrative Law Judge found that claimant had normal vision in the right eye and therefore the testimony concerning personal limitations was not credible. The Secretary cites no medical evidence to support the proposition that normal vision in one eye insures continuous visual capacity during close work. Such evidence is required, in our judgment, when a claimant presents medical evidence to the contrary, and the Secretary desires to suspend benefits previously granted.

The report of Dr. Leitel is consistent with claimant's testimony concerning the inability to focus for more than two hours while at work. Moreover, the evidence which occasioned the original grant of benefits is

---

1. The evidence of record is contrary.

almost identical to the evidence which the Administrative Law Judge found wanting in the instant case.

Timblin had normal vision in the right eye when benefits were awarded on January 29, 1978. He also had pain and eye tension and as that judge found "constant use of his 'good' eye has an adverse impact on his left eye by increasing his pain and tension. Consequently, he avoids spending even a comparatively short period of time in reading a newspaper .... He takes tranquilizers to help control these conditions." Thus the existence of normal vision in one eye was not considered an impediment to benefits in 1978 while the same fact emerges as the basis for the denial of benefits less than one year later.[2]

The Secretary seems to ground the termination of benefits on the fact that various single vision persons are employed in the work force. Such generalizations require an examination of the specific facts in this record. Here, claimant is not only suffering from significant physical impairments but also psychological damage. A physician, certified by the American Board of Psychiatry and Neurology and who was consulted by the Secretary with respect to this claim, opined that Timblin is totally disabled. No contrary medical evidence is extant.

In sum, even if we assume the finding is supported by substantial evidence that claimant's pain is controllable, there is no evidence of record to support a finding that the physical and emotional conditions have improved to the extent that he may perform some form of substantial gainful activity and that such employment is available within the national economy. We hold that the decision of the Secretary, which terminates disability insurance and supplement income benefits, is not supported by substantial evidence and the motion of defendant for summary judgment must be denied. Further, since claimant has sustained the burden of proving entitlement to continued benefits, and this court is empowered to grant such relief,[3] judgment will be entered on behalf of William H. Timblin.

---

2. The opinion of Administrative Law Judge Shore is dated January 23, 1978. The decision to terminate benefits is dated January 17, 1979, see T.R. at 111, and that decision was apparently based on the report of Dr. Geer, which allowed that claimant is totally disabled.

3. Rossi v. Califano, 602 F.2d 55, 59 (3d Cir. 1979); see 42 U.S.C. 405(g) (1976).