Battites WESLEY, Petitioner,

v.

Thomas R. ISRAEL, et al., Respondents.

No. 80–C–937.

United States District Court,
E. D. Wisconsin.

Oct. 27, 1981.

Battites Wesley, pro se.

Bronson C. LaFollette, Wis. Atty. Gen. by Thomas J. Balistreri, Asst. Atty. Gen., Madison, Wis., for respondents.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

In a decision dated June 15, 1981, I denied Mr. Wesley's petition for a writ of habeas corpus. On September 28, 1981, Mr. Wesley filed a notice of appeal, an affidavit supporting his request to proceed on appeal in forma pauperis, and another affidavit which sets forth the reasons for the tardiness of the notice of appeal. In paragraph eleven of the latter affidavit, he states: "The petitioner asserts that his situation falls within the 'excusable neglect' provisions of Rule 60(b)(1)," Federal Rules of Civil Procedure. On October 13, 1981, the respondent filed a brief opposing the "apparent motion to extend time for filing a notice of appeal."

Rule 4(a)(1), Federal Rules of Appellate Procedure, provides that a notice of appeal must be filed within thirty days of the date of the entry of judgment. This time limit is jurisdictional, *Browder v. Director of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); it will not be extended by the court of appeals, *Martinez v. Trainor*, 556 F.2d 818, 819 (7th Cir. 1977). The thirty day rule can be ex-

tended by the district court that entered the judgment, but only if the request for an extension is filed within thirty days after the expiration of time to file the notice of appeal. Rule 4(a)(5), Federal Rules of Appellate Procedure. Since Mr. Wesley's notice of appeal had to have been filed by July 15, 1981, any motion to extend that time had to have been filed by August 14, 1981. Plainly, Mr. Wesley's notice of appeal filed on September 28, 1981, was too late to be considered under Rule 4. *Dunn v. Henderson*, 446 F.2d 1398 (5th Cir. 1971).

Mr. Wesley's motion does not rely on Rule 4; instead he seeks an extension under Rule 60(b)(1). That rule permits a court to relieve a party from a final judgment upon a showing of excusable neglect, among other things. However, Rule 60(b)(1) does not provide an avenue to circumvent the provisions of Rule 4 and extend the time for the filing of a notice of appeal. *See Swam v. United States*, 327 F.2d 431, 433 (7th Cir. 1964); *Cooper v. Harris*, 87 F.R.D. 107, 109 (E.D.Pa.1980); *Schmidt v. Schubert*, 79 F.R.D. 128, 129 (E.D.Wis.1978); Wright & Miller, Federal Practice and Procedure: Civil, § 2864, pp. 214–15. Thus Mr. Wesley's motion must be denied.

The request for leave to proceed in forma pauperis on appeal will be denied, and no certificate of probable cause will be issued.

Therefore, IT IS ORDERED that Mr. Wesley's motion for an extension of the time to file a notice of appeal be and hereby is denied.

IT IS ALSO ORDERED that Mr. Wesley's request for leave to proceed in forma pauperis on appeal be and hereby is denied.