George E. KINNEY, Plaintiff-Appellant,

v.

Margaret HECKLER,
Defendant-Appellee.

Civ. No. 83–0284 P.

United States District Court,
D. Maine.

Oct. 22, 1984.

Michael A. Bell, Bell & Geores, Lewiston, Me., for plaintiff-appellant.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant-appellee.

### ORDER OF REMAND

GENE CARTER, District Judge.

This case is before the Court on Plaintiff's appeal from an Order of the Magistrate of June 8, 1984, affirming the Secretary's decision that terminated Plaintiff's Social Security disability benefits. Defendant filed a Motion for Extension of Time in which to file Defendant's appeal brief on September 27, 1984, the date her brief was due. Plaintiff filed a brief in opposition to Defendant's motion on October 10, 1984.

The ground for Defendant's Motion for Extension of Time was the impending enactment of the Social Security Disability Benefits Reform Act of 1984, Pub.L. 98–460 (hereinafter the Reform Act). The Reform Act was signed by the President and thereby enacted on October 9, 1984. The Reform Act changes the standard of review for termination of disability benefits. Pub.L. 98–460, § 2(a) (1984). Cases to which the new standard applies include those in which a request for judicial review was pending on September 19, 1984. *Id.,* § 2(d)(2)(C). The Act provides that "the court *shall remand* such cases to the Secretary for review in accordance with the provisions of the Social Security Act as amended by this section." *Id.,* § 2(d) (emphasis added).

Plaintiff argues in his memorandum, filed the day after the enactment of the Reform Act, that the Court should not remand this case because only one of the five issues he raises on appeal would impli-

cate the new standard of review for termination of benefits. He urges the Court to retain jurisdiction so that all the issues raised may be decided by the Court. This option, however, is not open to the Court. There is no question that this is a case to which the new standard of review for termination of disability benefits is to be applied since a request for judicial review was pending on September 19, 1984. *See* Pub.L. 98–460, § 2(d)(2)(C). In such a case, the statute clearly commands the court to remand to the Secretary. *See Id.,* § (2)(d) and *supra.* The Court is obligated to obey this command. Should Plaintiff be denied benefits after review by the Secretary under the new standard, he will have an opportunity to obtain judicial review of all the issues properly raised.

Finally, Plaintiff argues that, in the event the case is remanded, the Court should order the Secretary to reinstate Plaintiff's benefits retroactive to the date of termination and continue paying them until final decision by the Secretary. Plaintiff cites two recent decisions of the Court in support of his request. *Longley v. Heckler,* Civil No. 84–0088–P (D.Me. June 29, 1984) (unpublished order); *Dionne v. Heckler,* 585 F.Supp. 1055 (D.Me.1984). In these cases, the Court relied upon its power to remedy prejudicial delay attributable to the Secretary to restore benefits retroactively pending final adjudication of the case. *Cf. Alameda v. Secretary of Health, Education and Welfare,* 622 F.2d 1044 (1st Cir.1980) (court has inherent power to remedy failure of Secretary to file memoranda in support of her decisions); *Montrose v. Heckler,* 579 F.Supp. 240 (D.Me.1984) (*Alameda* gives court authority to order Secretary to file administrative record within ten days).

■ In this case, the Court does not order retroactive and continuing payments of benefits because, first, delay caused by the Secretary has been minimally prejudicial

and, second and most important, the Reform Act of 1984 specifically addresses the question of the availability of benefits pending review.

The Defendant was hardly a paragon of promptness in this action. Defendant failed to file an appeal brief within 20 days, and, instead, filed a Motion for Extension of Time. However, the Court finds that, even had Defendant timely filed an appeal brief, it is likely that the Court would have applied the Reform Act of 1984 and remanded the case. Thus, the Secretary's delay has not prejudiced Defendant.

Second, the Reform Act of 1984 deals specifically with the eligibility for benefits of claimants whose cases are remanded pursuant to Section 2(d)(2) of the Reform Act. Pub.L. 98–460, § 2(e). The Act provides that a claimant whose case is in such a posture may elect to have payments recommenced starting from the time of the election. *Id.,* § 2(e). Should he be found eligible for continued benefits under the new standard of review, benefits must be restored retroactively. *Id.,* § 2(f). In light of these provisions, the Court declines to order the reinstatement of benefits, in the absence of prejudicial delay by the Secretary, in a manner inconsistent with the express method for payment of benefits pending review dictated by Congress in the Reform Act of 1984.[1]

Because the Reform Act dictates that the Court shall remand this case to the Secretary, the Court need not rule on the Secretary's Motion for Extension of Time to file an appeal brief.

Accordingly, it is

ORDERED that this case be, and is hereby, REMANDED to the Secretary of Health and Human Services pursuant to Pub.L. 98–460, § 2(d)(2).

So ORDERED.

---

1. The Court does not at this time intend to indicate that sections 2(e) and (f) of the Reform Act impliedly displace its authority to order retroactive and continuing payment of benefits pending review where the Secretary's dilatory conduct causes financial prejudice to the claimant. *See Longley v. Heckler,* Civil No. 84–0088–P (D.Me. June 29, 1984) (unpublished order).