**William STEWART, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health & Human Services, Defendant.**

**No. 83 Civ. 9160 (JES).**

United States District Court, S.D. New York.

Dec. 14, 1984.

Legal Services for the Elderly, New York City, for plaintiff; Toby Golick, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Rosemarie E. Matera, Sp. Asst. U.S. Atty., New York City, of counsel.

OPINION & ORDER

SPRIZZO, District Judge:

Plaintiff William Stewart had been receiving Social Security disability insurance

benefits since August of 1974. On February 8, 1983, he was notified by the Department of Health and Human Services ("HHS") that his benefits would be terminated as of April 4, 1983. That decision terminating plaintiff's benefits was upheld after a hearing before an administrative law judge held on July 15, 1983. Following a denial of review of that decision by the Appeals Council on October 6, 1983, plaintiff commenced the instant action in December of 1983, pursuant to Section 205(g) of the Social Security Act, as amended (the "Act"), 42 U.S.C. § 405(g) (1982), seeking review of that final decision of the Secretary of Health and Human Services (the "Secretary") which terminated plaintiff's disability benefits.[1]

The parties cross-moved for judgment on the pleadings. By Order of this Court, dated February 16, 1984, this case was referred to Magistrate Buchwald for report and recommendation. On July 31, 1984, Magistrate Buchwald issued her Report and Recommendation, ("Mag.R.") in which she recommended that the Secretary's determination be reversed on several alternate grounds. There were no objections to the Magistrate's Report and Recommendation.

1. The Secretary had effectively adopted the ALJ's findings by virtue of the Appeals Council's denial of review on October 6, 1983.

2. The Order was signed on September 18, 1984, but was not immediately filed, apparently as a result of a clerical error. Upon repeated inquiry by plaintiff's counsel, the Order was located, re-dated, filed, and docketed on October 3, 1984.

3. The Secretary's motion for reargument is timely. Under the computation guidelines set out in Fed.R.Civ.P. 6(a), the ten-day period, calculated from October 3, 1984, and excluding the weekend of October 13-14, had not expired when the Secretary filed and served the motion on October 15, 1984.

4. Section 2 of the new law provides generally that disability benefits not be terminated in the absence of substantial evidence that: (1) there has been a medical improvement in the beneficiary's condition such that the beneficiary is now able to engage in substantial gainful activity; or (2) "although the individual has not improved medically he or she is nonetheless a

By Order of this Court, dated October 3, 1984,[2] the Magistrate's Report and Recommendation was "adopted in its entirety," with further directions "that defendant [Secretary] forthwith take all administrative steps to restore disability benefits to plaintiff," and "that defendant pay to plaintiff all retroactive benefits due, within 60 days of the date of this [O]rder."

■ On October 15, 1984, the Secretary timely moved[3] for reargument remanding this case to the Secretary pursuant to Section 2 of the Social Security Disability Benefits Reform Act of 1984 (the "new law"), Pub.L. 98–460, which was enacted by Congress on September 19, 1984 and signed by the President on October 9, 1984.[4]

## DISCUSSION

■ The first issue which must be addressed is whether the final action of the Secretary in Mr. Stewart's case constitutes a determination, "with respect to which a request for judicial review was pending on September 19, 1984," which should be remanded to the Secretary in accordance with Section 2 of the new law.[5] The Court concludes that it is not.

beneficiary of advances in medical or vocational therapy or technology (related to the individual's ability to work), and the individual is now able to engage in substantial gainful activity..."; or (3) "as determined on the basis of new or improved diagnostic techniques or evaluations, the individual's impairment, ... is not as disabling as it was considered to be at the time of the most recent prior decision that he or she was under a disability ...." Section 2(d)(2)(C) of the new law provides for an automatic remand for individuals terminated from benefits who have "a request for judicial review ... pending on September 19, 1984."

5. There is some issue as to whether this action was still "pending" as of September 19, 1984. *See* n. 1 *supra.* The Order adopting the Magistrate's Report and Recommendation in its entirety was first signed on September 18, 1984, but was misplaced. The Order was located, re-dated, filed, and entered on October 3, 1984, pursuant to S.D.N.Y. Local Rule 6(a). For purposes of this motion, we proceed on the assumption that the judgment was only effective when it was entered in the civil docket by the clerk on October 3, 1984. *See* Fed.R.Civ.P. 58.

The Magistrate recommended reversal of the Secretary's ruling terminating benefits, giving alternate grounds for the recommendation. The first two grounds are based upon the "medical improvement" standard enunciated by the Second Circuit, *see, e.g., DeLeon v. Secretary of Health and Human Services,* 734 F.2d 930 (2d Cir.1984), which must be applied in cases remanded to the Secretary under the new law. Thus, as the Magistrate stated:

> In sum, the record does not contain substantial evidence to permit the ALJ to conclude that plaintiff's condition has improved sufficiently to warrant a termination of his benefits. Nor does the record contain substantial evidence to allow the ALJ to reject the plaintiff's testimony or the expert opinions of his treating physicians [regarding plaintiff's claims of continued pain and severe disability]. Accordingly, we recommend that the Secretary's decision terminating plaintiff's benefits be reversed.

Mag.R. at 7–8.

However, in her report, the Magistrate gave another basis for reversing the Secretary's decision, entirely separate and distinct from the "medical improvement" standards to which the remand provisions of the new law are designed to apply. The Magistrate stated:

> Since there is not substantial evidence to support the proposition that plaintiff has the capacity to perform light work, the most plaintiff can be considered capable of is sedentary work; the applicable regulation would be Rule 201.14. This rule dictates that a person capable of sedentary work, closely approaching advanced age with previous skilled or semi-skilled work experience and a high school education or more should be found disabled. 20 C.F.R. § 404 Subpart P, Appendix 2 (1984). This analysis would find plaintiff disabled despite his possible ability to perform sedentary work, and would provide an *independent basis for reversing the Secretary's decision.*

Mag.R. at 9 [Emphasis added].

The Secretary never took an appeal from any portion of this Report and Recommendation, including the "light work/sedentary work" analysis referred to above and does not now question the validity of that aspect of the Magistrate's Report.

Since the Court Order adopting the Magistrate's Report approved this ground as a separate and independent basis for directing the restoration of benefits, it would not be a rational construction of the new law to require a remand in a case where it is clear that benefits must be restored regardless of what findings may or may not be made on remand with respect to plaintiff's medical improvement. Certainly nothing in the legislative history of the amendment suggests that remand is required even in cases where any decision with respect to medical improvement will have no impact on plaintiff's right to receive benefits. Indeed, that legislative history, if anything, suggests quite the contrary.[6]

---

6. The legislative history specifically provides:
   The section provides that certain specified court cases involving medical improvement be remanded to the Secretary for review under the medical improvement standard established in this Act. Cases pending in court which do not involve medical improvement would not, of course, be remanded to the Secretary for such a review.

   Joint Explanatory Statement of the Committee of Conference, Cong.Rec. H 9828 (Sept. 19, 1984).

   Even assuming *arguendo* that the medical improvement claim was the only one in issue here, this request to remand, following as it does the Secretary's decision not to appeal or object to the Magistrate's Report and Recommendation, is both inappropriate and inconsistent with the broad remedial purposes of the new legislation. The statute was clearly designed to benefit disability claimants and to expedite the processing of their claims for restoration of benefits. *See, e.g.,* 118 Cong.Rec. H 9836 (daily ed. Sept. 19, 1984) statement of Rep. Pickle) and 118 Cong. Rec. S 11452 (daily ed. Sept. 19, 1984) (statement of Sen. Dole). In this case, the Court adopted the Magistrate's decision which, *inter alia,* applied the "medical improvement" standard which the new law explicitly requires. If the Secretary's motion to "reargue" were granted, plaintiff could not hope to recover the benefits he lost in the April, 1983 termination decision until the Secretary "redetermines" his claim under "medical improvement"—the standard already applied by the Magistrate and the Court in the instant action, a process that could take a considerable period of time. This is especially true since the new law

Since the Court has concluded that no remand is required for the reasons given there is no need to reach the issue of whether in fact this case was pending within the meaning of the new law.

The Secretary's request for reargument is denied.

It is SO ORDERED.

Barry K. Stevens, Asst. U.S. Atty., Bridgeport, Conn., Alan H. Nevas, U.S. Atty., New Haven, Conn., for plaintiff.

Elaine Klotz, pro se.

---

allows the Secretary six months to enact regulations designed to implement the "medical improvement" standard and since the legislative history indicates that approximately 40,000 people are affected by the new law's remand provisions.

Should the Secretary again decide against the plaintiff on the grounds of "medical improvement," the matter would again wend its tortured way to a district court for review. In essence, the "medical improvement" claim would be litigated twice under the same standard. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Reargue, at 7.

In passing the new legislation Congress could not reasonably have intended a result so at variance with the remedial purposes of that legislation.