**Sarah L. NOWELLS,**
**Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 84–8453**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 10, 1985.

Kay A. Giese, Athens, Ga., Phyllis J. Holmen, Atlanta, Ga., for plaintiff-appellant.

John L. Lynch, Asst. U.S. Atty., Macon, Ga., for defendant-appellee.

---

Before VANCE, HENDERSON and CLARK, Circuit Judges.

PER CURIAM:

The motion of the Secretary of Health and Human Services to remand this case pursuant to the Social Security Disability Benefits Reform Act of 1984 is GRANTED. The Social Security Disability Benefits Reform Act of 1984 provides that in actions relating to medical improvement in which a request for judicial review was pending on September 19, 1984, the court shall remand the case to the Secretary for review in accordance with the provisions of the Social Security Act as amended. *See* Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98-460, § 2(d)(2)(C) (1984).

 The claimant has requested that her benefits be restored. Thus, on remand the district court is to instruct the Secretary that the claimant has made a timely election to have payments of benefits restored pursuant to section 2(e) of the new Act. Because the date of this order is to be treated as the effective date of the claimant's election, the claimants payments should begin in the month in which this order is entered.

The claimant has also requested this court to set a definite time and date for a new administrative hearing within 90 days of this remand order. The Supreme Court has discussed judicially prescribed hearing deadlines in *Heckler v. Day,* — U.S. —, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). In *Heckler v. Day* the Court pointed out:

> [T]he House Committee on Ways and Means expressly disapproved mandatory hearing deadlines and indicated disagreement with recent judicial decisions imposing such time restrictions. Criticizing the decision in *Blankenship v. Secretary of HEW,* No. C75-0185L(A) (W.D.Ky. May 6, 1976), which had imposed judicially prescribed hearing deadlines on the Secretary and ordered the payment of interim benefits in the event of noncompliance, the Committee reported ... that ... "[e]stablishing strict time limits for the adjudication of every case could result in incorrect determinations because

time was not available to ... reach well-reasoned decisions in difficult cases."

*Id.* 104 S.Ct. at 2255-56. Finally, the Court concluded that Congress could not "have contemplated that courts should have authority to impose the very deadlines it repeatedly has rejected." *Id.* 104 S.Ct. at 2257.

 Because of the persuasive reasons against judicially imposed mandatory hearing deadlines set forth by the Supreme Court and discussed by Congress, we decline to grant the claimant's request for a hearing within 90 days.

The judgment of the district court is VACATED and the case is REMANDED with directions to the district court to remand this case to the Secretary for further proceedings consistent with this opinion.