Giulia COLELLA

v.

**Margaret HECKLER, Secretary of Health and Human Services.**

Civ. A. No. 83–3323.

United States District Court, E.D. Pennsylvania.

March 11, 1985.

**594**

Catherine Baggiano, Carano & Kunken, Philadelphia, Pa., for plaintiff.

Sharon Ferrucci, Dept. of Health & Human Services, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, Chief Judge.

Plaintiff Giulia Colella began to receive Social Security disability insurance benefits in May, 1976. On November 13, 1981, the Secretary of Health and Human Services administratively terminated plaintiff's benefits. After a *de novo* hearing on October 7, 1982, an Administrative Law Judge found that plaintiff was no longer disabled and upheld the decision to terminate her benefits. The Appeals Council denied plaintiff's request to review the ALJ's decision, and plaintiff brought the instant action seeking judicial review.

Both parties moved for summary judgment, and the matter was referred to Magistrate Powers for report and recommendation. Magistrate Powers, in a report filed October 1, 1984, recommended that plaintiff's motion for summary judgment be granted and the Secretary's motion denied. No objections were filed. In an order entered October 17, 1984, I adopted the Magistrate's Report and Recommendation and remanded the case to the Secretary with directions that she reinstate plaintiff's disability insurance benefits.

Currently before me is the Secretary's motion under Fed.R.Civ.P. 60(b) to amend the judgment. The Secretary requests that I vacate my order and remand the case for her to reconsider under the new medical improvement standard set forth in the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (1984).

 Rule 60(b) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding" on certain specified grounds. Although the Secretary has not set forth the grounds upon which she bases her motion, she has argued in effect that summary judgment should not have been granted in light of the Reform Act. Thus, I will consider whether this alleged error of law[1] is

---

1. I note that it is not generally appropriate to challenge an alleged error of law by means of a Rule 60(b) motion. The Third Circuit Court of Appeals has held that a Rule 60(b) motion "may not be used as a substitute for appeal." *Martinez-McBean v. Government of the Virgin Islands,* 562 F.2d 908, 911 (3d Cir.1977) (quoting *In re Imperial "400" National, Inc.,* 391 F.2d 163, 172 (3d Cir.1968)). *See also Cooper v. Harris,* 87 F.R.D. 107, 109 (E.D.Pa.1980). Since legal error can generally be corrected on appeal, a number of courts have held that such error in itself cannot be the basis for relief under Rule 60(b). *See id.* at 912 n. 4. Other courts, however, have permitted relief under 60(b) if a motion was made within the time allowed for appeal by Fed.R.App.P. 4. *See id.* Because the Secretary's Rule 60(b) motion was filed within the 60 days

a basis for relief under Rule 60(b)(1), which permits a judgment to be vacated on grounds of "mistake." I will also consider whether "the judgment is void" for purposes of 60(b)(4) or whether relief should be granted for "any other reason" under 60(b)(6).

Under the Reform Act, the Secretary may not terminate a recipient's disability benefits unless she finds substantial evidence of medical improvement in the recipient's condition.[2] The Act requires the court to remand "actions relating to medical improvement" in which "a request for judicial review was pending on September 19, 1984" to the Secretary for reconsideration under the new standards. P.L. 98–460 § 2(d)(2). The Act defines "action relating to medical improvement" as:

> an action raising the issue of whether an individual who has had his entitlement to benefits under title II, XVI, or XVIII of the Social Security Act based on disability terminated (or period of disability ended) should not have had such entitlement terminated (or period of disability ended) without consideration of whether there has been medical improvement in the condition of such individual (or another individual on whose disability such entitlement is based) since the time of a prior determination that the individual was under a disability.

*Id.* § 2(d)(6).

In the instant action, plaintiff's request for judicial review was pending as of September 19, 1984. Sections 2(d)(2) and (6), however, require a remand only if the Secretary terminated plaintiff's benefits without considering whether her condition had improved medically. I must therefore determine as an initial matter whether the Secretary considered the issue of medical improvement.

An Administrative Law Judge, in an opinion dated February 2, 1983, found that plaintiff had no severe impairment which would prevent her from engaging in substantial gainful activity. He held that her disability had ceased as of November, 1981 and that her entitlement to benefits ended in January, 1982. He did not explicitly state whether he based his decision on a reassessment of plaintiff's condition under the Secretary's current standards or upon a finding that plaintiff's condition had improved medically. The Third Circuit has since held in *Kuzmin v. Schweiker,* 714 F.2d 1233, 1237–38 (3d Cir.1983), that the Secretary must show medical improvement in order to justify a termination of benefits. Before the ALJ made his decision in plaintiff's case, however, a number of federal courts had already required a showing of medical improvement. *E.g. Miranda v. Secretary of Health, Education & Welfare,* 514 F.2d 996, 998 (1st Cir.1975); *Singleton v. Schweiker,* 551 F.Supp. 715, 723 (E.D.Pa.1982); *Shaw v. Schweiker,* 536 F.Supp. 79, 82–83 (E.D.Pa.1982); *Timblin v. Harris,* 498 F.Supp. 1107, 1108 (W.D.Pa. 1980).

In a brief supporting her motion for summary judgment in the instant case, the Secretary recognized that she would have to show medical improvement. She therefore asserted that "there is substantial evidence of record to support a conclusion that plaintiff's condition has improved to such an extent as to render her capable of engaging in substantial gainful activity." Brief in Support of Defendant's Motion for Summary Judgment at 3–4, *Colella v. Heckler,* No. 83–3323. Applying the *Kuzmin* standard, Magistrate Powers determined that plaintiff's condition could not be found to have improved and that the Secretary's decision to terminate her benefits was not based on substantial evidence.

---

which Rule 4 allows for appeal when a United States officer or agency is a party, I will consider whether she is entitled to relief from the judgment entered October 17, 1984. *See Perez v. Duesberg-Bosson Co.,* 78 F.R.D. 439, 441 (E.D.Pa. 1978); *Allison v. United States,* 379 F.Supp. 490, 495 (M.D.Pa.1974).

**2.** Termination is also permitted on the basis of several other specified conditions not relevant to this case. P.L. 98–460 § 2(a) & (c).

If in terminating plaintiff's benefits the Secretary considered the issue of medical improvement as now required by *Kuzmin,* I conclude that the statute would not require a remand of the instant case to the Secretary. The wording of the Reform Act's provision concerning medical improvement is almost identical to the holding in *Kuzmin. Compare* Social Security Disability Benefits Reform Act § 2(c)(5)(A) (decision to terminate benefits must be supported by "substantial evidence which demonstrates that—(i) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and (ii) the individual is now able to engage in substantial gainful activity") *with Kuzmin,* 714 F.2d at 1237 ("the Secretary must present evidence that there has been sufficient improvement in the claimant's condition to allow the claimant to undertake gainful activity.") [3]

■ The question remains, however, as to whether the Secretary considered even the *Kuzmin* standard in terminating plaintiff's benefits. Although the Secretary represented in moving for summary judgment that the record shows medical improvement, the Administrative Law Judge's opinion is silent concerning the issue. In light of that silence, I cannot conclude that the issue was properly considered in the administrative proceedings below.

Despite the Secretary's failure to consider explicitly the issue of medical improvement, a refusal to remand is justified in this case. Magistrate Powers thoroughly reviewed the ALJ's evaluation of the evidence in light of the proper standard. My order adopting the Magistrate's Report and Recommendation in effect holds that the record could not support a decision by the Secretary that plaintiff's condition has improved. In the Reform Act's legislative history, Congress clearly expresses its disapproval of the Secretary's widespread and seemingly arbitrary termination of benefits. The Act, reflecting the concerns expressed in cases such as *Kuzmin,* establishes a clear and specific medical improvement standard for the benefit of disability insurance recipients. The remand provision was included to assist recipients terminated before the new Act became operative. *See, e.g.,* H.R.Rep. No. 618, 98th Cong., 2d Sess. 2–3, 9–13, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3038, 3039–40, 3046–50; 130 Cong.Rec. S11452–54 (1984) (statement of Sen. Dole); *id.* at H9836 (statement of Rep. Pickle).

Plaintiff Colella, who has been without benefits since January of 1982, is a member of the class which the Reform Act is designed to protect from arbitrary termination of benefits. If this case is remanded and the Secretary, who has already asserted that the evidence supports a finding of medical improvement, predictably rejects plaintiff's claim, it may be years before plaintiff's benefits are restored.[4] Congress

---

**3.** I note that the two standards do differ concerning the weight to be accorded to the prior determination of disability. Under *Kuzmin,* a claimant who produces evidence that his condition has remained essentially the same since he was found to be disabled is entitled to a presumption of continuing disability. 714 F.2d at 1237. The Reform Act now mandates that a decision concerning termination of benefits be made on a neutral basis. No inference as to disability is to be drawn from the prior determination. P.L. 98–460 § 2(c). Under both *Kuzmin* and the Reform Act, however, the claimant bears the ultimate burden of proving entitlement to benefits. *Kuzmin,* 714 F.2d at 1237; Joint Explanatory Statement of the Committee of Conference, H.R. Conference Rep. No. 1039, 98th Cong., 2d Sess. 26, *reprinted in* 1984 U.S.

Code Cong. & Ad.News 3080, 3084. In the case before me, I determined that the Secretary's decision to terminate plaintiff's benefits was not based on substantial evidence. The existence or nonexistence of a presumption of disability does not affect the fact that the record does not support a finding of medical improvement, required by both *Kuzmin* and the Reform Act. The Reform Act's provision concerning neutral evaluation of the evidence therefore does not require a remand.

**4.** If I remand this case to the Secretary, plaintiff may under the Reform Act elect to receive payments pending the Secretary's redetermination. P.L. 98–460 § 2(e). Such payments, however, will continue only until plaintiff's case is decided by an Administrative Law Judge. If the

surely did not intend to force a plaintiff to undergo a repetition of the entire administrative process when a court has already determined that the evidence cannot support a finding of medical improvement.

I recognize that a number of federal courts have asserted that the Act's remand provision is mandatory. *E.g. Nowells v. Heckler,* 749 F.2d 1570, 1571 (11th Cir. 1985); *Steele v. Heckler,* 748 F.2d 492, 494 (8th Cir.1984); *Kinney v. Heckler,* 596 F.Supp. 821 (D.Me.1984). In these cases, however, the district court apparently had either not yet reviewed the Secretary's termination of benefits or affirmed the Secretary's decision after September 19, 1984. Remand was therefore consistent with the Reform Act's remedial provisions.

Only one court to date has spoken to the issue of whether a case in which the district court decided after September 19 to reinstate benefits should be remanded. *Stewart v. Heckler,* 599 F.Supp. 298, 300 (S.D.N.Y.1984). In *Stewart,* the court had on October 3, 1984, reversed the Secretary's decision to terminate the plaintiff's disability insurance benefits. Upon the Secretary's timely motion for reargument under Fed.R.Civ.P. 6(a), the court determined that the Reform Act did not require a remand. The court held that benefits must be restored on grounds independent of the medical improvement standard, but stated that it would have refused to remand even if medical improvement had been the only issue. The court's reasoning is equally applicable to the case at bar:

> [The Secretary's] request to remand, following as it does ... [her] decision not to appeal or object to the Magistrate's Report and Recommendation, is both inappropriate and inconsistent with the broad remedial purposes of the new legislation. ... In this case, the Court adopted the Magistrate's decision which, *inter alia,* applied the "medical improvement" standard which the new law explicitly requires. If the Secretary's motion to

"reargue" were granted, plaintiff could not hope to recover the benefits he lost in the April, 1983 termination decision until the Secretary "redetermines" his claim under "medical improvement"—the standard already applied by the Magistrate and the Court in the instant action, a process that could take a considerable period of time. This is especially true since the new law allows the Secretary six months to enact regulations designed to implement the "medical improvement" standard and since the legislative history indicates that approximately 40,000 people are affected by the new law's remand provisions.

> Should the Secretary again decide against the plaintiff on the grounds of "medical improvement," the matter would again wend its tortured way to a district court for review. In essence, the "medical improvement" claim would be litigated twice under the same standard. ... In passing the new legislation Congress could not reasonably have intended a result so at variance with the remedial purposes of that legislation.

*Id.* at 300 n. 6.

The strength of the equitable considerations in this case is emphasized by the holding in *Claassen v. Heckler,* 600 F.Supp. 1507 (D.Kan.1985). *Claassen* was an action for judicial review of the Secretary's decision to terminate the plaintiff's Social Security benefits. Although the case was pending before the court as of September 19, 1984, and the record did not show that the Secretary had considered the issue of medical improvement, the court refused to remand for the Secretary's reconsideration. Instead, the court held that there was no evidence supporting the Secretary's decision and remanded the case with directions that the Secretary reinstate plaintiff's benefits.

The court stressed the fact that the Reform Act was designed to aid Social Security claimants rather than to place additional

---

ALJ's decision is adverse to plaintiff, she will be required to repay all payments received during the administrative appeal process. H.R.Rep.

No. 618, 98th Cong., 2d Sess. 4, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3038, 3041.

procedural hurdles in their paths. In addition, the court noted that the Reform Act requires the Secretary to apply the legal standard previously established by the courts:

> This new law sets forth a standard that is more beneficial to the Plaintiff than the previous standard applied by the Secretary despite its universal rejection by the courts. This Court has ruled that Plaintiff is entitled to benefits under the law as it existed prior to the passage of the Reform Act, which in effect requires the Secretary to follow the law that had already been established in the federal courts. No useful purpose could be served by remanding for the Secretary to consider Plaintiff's claim again under a more liberal standard.

*Claassen v. Heckler,* at 1513.

■ I conclude that equitable considerations and the policy underlying the Reform Act justify a refusal to remand this case to the Secretary. As the Third Circuit has stated, "A Rule 60(b) motion is 'addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'" *Ross v. Meagan,* 638 F.2d 646, 648 (3d Cir.1981) (quoting 7 J. Moore, Federal Practice ¶ 60.27[1] at 351 (2d ed. 1979)). Because the Reform Act does not require remand under the circumstances of this case, the entry of summary judgment on October 17, 1984 was not based on an error of law and the judgment is not void. In addition, the equitable concerns relevant under Rule 60(b)(6) militate in favor of refusing to vacate the judgment entered October 17. I have already determined that the Secretary's decision to terminate plaintiff's benefits was not supported by substantial evidence. The Secretary did not appeal the grant of summary judgment in plaintiff's favor. I will not now accord the Secretary an opportunity to reconsider her decision, which she has already claimed is justified under a medical improvement standard. The Secretary's motion to amend the judgment and vacate the order entered on October 17, 1984, will be denied.