**Francis A. SMITH, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

No. C82–2032–Y.

United States District Court, N.D. Ohio, E.D.

July 3, 1985.

John A. Jeren, Jr., Wellman & Jeren, Youngstown, Ohio, for plaintiff.

Richard J. French, Asst. U.S. Atty., Cleveland, Ohio, for defendant.

### ORDER

BATTISTI, Chief Judge.

This is an action for judicial review of a final decision of the defendant Secretary of Health and Human Services, pursuant to the Social Security Act, 42 U.S.C. § 405(g). This matter is presently before the Court on the October 3, 1984 Report and Recommended Decision of the Magistrate. The defendant filed objections to the Magistrate's recommendations (October 15, 1984) and the plaintiff filed a brief in opposition to the defendant's objections October 26, 1984).

For the reasons set forth below, the Magistrate's report is hereby adopted as findings of fact and conclusions of law.

### I.

On February 23, 1979, an Administrative Law Judge found that Smith was entitled to a period of disability commencing on March 27, 1978 and to disability insurance benefits, under 42 U.S.C. §§ 416(i) and 423 respectively, (Tr. at 156–57), as a result of a low back injury and other physical problems. On December 31, 1981, another Administrative Law Judge determined that "the claimant's impairments" included degenerative spondylotic disease of the lumbar spine and fusion of L–4/L–5. (Tr. at 23). Nonetheless, he concluded that beginning October 31, 1981, "claimant's impairments improved" and, thus, claimant's disability had ceased as of that date. (Tr. at 23). Upon the Appeals Council's affirmance of the December 1981 decision, that decision became a reviewable final decision of the Secretary of Health and Human Services.

Acting on plaintiff's August 1982 complaint and subsequently filed papers, the Magistrate found that "[w]hile the Secretary concluded there had been medical improvement since [1977] ..., there is not substantial evidence to support this finding." Magistrate's Report at 2.

### II.

The Secretary's objections do not attack the merits of the Magistrate's recommendation. Rather, the Secretary argues that the Social Security Disability Benefits Reform Act of 1984 ("Reform Act") applies to this case, because the case was pending on September 19, 1984. Thus, she claims that since the Administrative Law Judge did not apply the "medical improvement standard", the case must be remanded to the Secretary for review in accordance with the 1984 amendments.

### A.

In the instant case, the Magistrate applied the standard that an initial determination of disability gives rise to a presumption of continued disability which requires that the Secretary produce evidence that the claimant's condition has improved before the disability can be deemed to have been completed. Magistrate's Report at 1, citing *Haynes v. Secretary of Health and Human Services*, 734 F.2d 284 (6th Cir. 1984). In finding no substantial evidence to support the Secretary's finding, the Magistrate also found that the complete record before him "serve[d] to confirm the presumption that plaintiff remains disabled...." Thus, the Magistrate found that the evidence before him—e.g., all of the evidence available in the individual's case file—showed that plaintiff's disability continued.

### B.

The Secretary's objections are hereby overruled. A case involving a medical improvement issue pending in September 19, 1984 need not be remanded when a court subsequently finds that the evidence could not support a finding of medical improvement and reinstates benefits. *Accord Colella v. Heckler*, 604 F.Supp. 593, 596–98 (E.D.Pa.1985); *see also Stewart v. Heckler*, 599 F.Supp. 298, 300 n. 6 (S.D.N.Y.1984).

The Reform Act's medical improvement standard was designed to benefit disability

claimants and to expedite the processing of claims for restoration of benefits. *Accord Colella,* 596–98. Congress could not have intended a claimant to go through the administrative process yet another time, in cases where a court has already determined that a finding of medical improvement could not be made on all of the evidence in the record. *Accord id.* at 596–97. This procedure would force a claimant to wait an additional period of time to obtain the restoration of benefits to which a district court has already determined the claimant's entitlement. *Accord Stewart,* 599 F.Supp. at 300 n. 6. In addition, if on remand, benefits were terminated on an erroneous finding of medical improvement, it might take several years before the administrative decision was subject to judicial review and benefits could be restored. *Accord Collella* at 596. Such results would be inconsistent with the Reform Act's remedial purposes and would harm some members of the class whom the Reform Act is designed to protect from arbitrary termination of benefits. *Id.*

In the instant case, the Magistrate has concluded that the evidence did not support a finding of medical improvements. In effect, he found that the record could not support a decision by the Secretary that plaintiff's condition had improved.[1] In this opinion, the Magistrate's findings are adopted. Thus, the Reform Act does not require a remand to the Secretary in this case.

### Conclusion

Accordingly, defendant's motions for summary judgment and remand are denied. Plaintiff's motion for summary judgment is granted. This case is remanded to the Secretary for the reinstatement of plaintiff's disability benefits.

IT IS SO ORDERED.

1. In this case, the Secretary's decision to terminate plaintiff's benefits was not based on substantial evidence. Thus, the fact that the Magistrate based his determination on the Sixth Circuit's *Haynes* standard of continuing disability rather than the Reform Act's standard, does not make it necessary to remand this case to the Secretary to determine the existence of "medical improvement".