**Bobby G. JACKSON, Plaintiff-Appellant,**

**v.**

**Margaret M. HECKLER, Secretary, Department of Health and Human Services, Defendant-Appellee.**

No. 84–1193.

United States Court of Appeals, Tenth Circuit.

Oct. 11, 1984.

Paul F. McTighe, Jr., Atty., Tulsa, Okl., for plaintiff-appellant.

Charlene M. DeBolt Seifert, Asst. Regional Atty., Dallas, Tex. (Layn R. Phillips, U.S. Atty., and Peter Bernhardt, Asst. U.S. Atty., Tulsa, Okl., and Gayla Fuller, Acting Regional Atty., and Yolanda M. Joosten, Asst. Regional Atty., Dept. of Health and Human Services, Dallas, Tex., on brief), for defendant-appellee.

Linda J. Olson, Legal Aid Society of Metropolitan Denver, Denver, Colo., Daniel M. Taubman, Colorado Coalition of Legal Services Programs, Denver, Colo., and R. Eric Solem, Pikes Peak Legal Services, Colorado Springs, Colo., filed an amicus brief for plaintiffs in Trujillo v. Heckler.

Before HOLLOWAY, Chief Judge, and SETH and SEYMOUR, Circuit Judges.

PER CURIAM.

Appellant appeals from an order of the United States District Court for the North-ern District of Oklahoma that affirmed an administrative determination of the Social Security Administration terminating his Social Security disability benefits.

Appellant filed an application for Social Security disability benefits on August 1, 1979, alleging that he became disabled on August 1, 1978, due to dizziness and nerves. An Administrative Law Judge (ALJ) found that appellant became disabled on August 1, 1978, due to passive dependent personality with symptoms of anxiety and depression of a disabling nature. After a scheduled review the Secretary determined that appellant's disability had ceased in May 1982. After a hearing an ALJ found that appellant's entitlement to disability benefits ended effective July 31, 1982. The Appeals Council denied appellant's request for review. Appellant then sought judicial review of the Secretary's final decision, and the district court affirmed the decision of the Secretary.

On April 13, 1984, the Secretary ordered a general suspension of the disability review process "until new disability legislation is enacted and can be effectively implemented." She also ordered the Social Security Administration to continue benefit payments to all individuals who now have claims properly pending at all levels of administrative review as a result of the periodic review process. The Secretary acknowledged that there are substantial differences of opinion as to the correct criteria for determining continuing eligibility. She stated that "until a final decision is reached, the only fair thing to do is to stop the process, while at the same time protecting current beneficiaries."

We feel that the appropriate disposition for this review proceeding is to vacate and remand the case to the Secretary. 28 U.S.C. § 2106 (providing for appellate court authority to vacate and remand, *inter alia*); *Washington Ass'n for Television & Children v. Fed. Communications Comm'n,* 712 F.2d 677, 682 (D.C.Cir.1983). Additionally we note that a recent statute addresses the problem and provides author-

**1328**

ity for remand of review proceedings pending in the courts. *See* Sec. 2.(d)(2)(C) & (D) of the "Social Security Disability Benefits Reform Act of 1984" approved by the President on October 9, 1984. We are persuaded that it is proper for this court, and the district courts in which disability review proceedings are pending, to remand these review proceedings to the Secretary as we are doing here.

Accordingly, the judgment of the district court and the administrative termination of disability benefits are vacated and this administrative proceeding is remanded to the Secretary for restoration of plaintiff's disability benefits and further proceedings.

The mandate shall issue forthwith.