(same); *Olmstead v. Massachusetts Trust Co.*, 11 F.2d 410, 411 (D.Mass.1926) (same).[6]

Therefore the judgment of the district court is affirmed.

**John E. STEELE, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

No. 84–1575.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 6, 1984.

Decided Nov. 21, 1984.

---

Robert E. Young, Paragould, Ark., for appellant.

Richard K. Willard, Washington, D.C., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

## PER CURIAM.

John Steele appeals from a district court order granting summary judgment to the defendant Secretary of Health and Human Services (Secretary). That order affirmed the Secretary's decision to terminate Steele's social security disability benefits. For the reasons set forth below, we reverse the order of the district court, and remand for further proceedings.

Steele filed an application for disability benefits on October 4, 1979. An administrative law judge (ALJ) found on May 28, 1980, that Steele had been disabled since February, 1979, and awarded benefits retroactive to that date. The ALJ based his decision on an April 23, 1980 medical report diagnosing "Anxiety Neurosis, Moderate to Severe ... Prognosis Poor." He noted that Steele's problems appeared to stem from "alcohol-induced hypoglycemia." The ALJ concluded that "there is objective evidence indicating that claimant's testimony to the effect that he has been unable to maintain employment because of nervousness, anxiety, phobias, irritability, panic, etc. is credible." The Appeals Council permitted the decision to stand.

On June 2, 1981, the Disability Determination Section for the State of Arkansas notified Steele that it was reviewing his case at the request of the Social Security Administration to determine whether his condition still prevented him from working. The Social Security Administration sought review pursuant to its "medical re-examination diary." The state agency determined that Steele's impairments were no longer severe. The Social Security Administration notified him on July 20, 1981 that his benefits would terminate as of August, 1981. Steele then sought and received a hearing before an ALJ. On May 11, 1982, the ALJ issued a decision upholding the termination of Steele's benefits. The ALJ reviewed medical evidence which affirmed Steele's diagnosis of anxiety neurosis, but nonetheless found that as of June, 1981, Steele no longer suffered a disabling impairment. The Appeals Council affirmed the ALJ's decision on July 30, 1982. Steele filed suit seeking review in federal district court for the Eastern District of Arkansas. The district court granted the Secretary's motion for summary judgment on April 2, 1984. Steele filed this appeal on May 31, 1984.

Since Steele filed his appeal, both our Court and Congress changed the law concerning the standard for terminating disability benefits. On June 27, 1984, our Court held in *Rush v. Secretary of Health and Human Services*, 738 F.2d 909, 915–916 (8th Cir.1984), that "in a disability-termination proceeding, there is a presumption that a claimant who has previously been determined to be disabled remains disabled." *Id.* (footnote omitted). We also held that the Secretary must bear the initial burden to come forward with evidence showing that there is a legitimate reason to re-evaluate the claimant's right to receive benefits. We explained that the Secretary could meet this burden

by showing that there was clear and specific error in the prior determination or by producing new evidence that the claimant's medical condition has improved, that the claimant has benefitted from medical or vocational therapy or technology, or that the claimant's condition is not so disabling as originally supposed.[1]

*Id.* at 916.

On September 19, 1984, Congress passed the Social Security Disability Benefits Re-

---

**1.** At our request, the parties in this case filed supplemental briefs on the effect of *Rush*. We

note that, absent the subsequent action taken by Congress directing the remand of medical im-

form Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (1984). The President signed the Act on October 9, 1984, and it became effective on that date. Among other things, the Act sets forth the standard of review for disability benefits terminations. The Act provides, in pertinent part, that disability benefits may be terminated when it is determined that the impairment has ceased, does not exist, or is not disabling—if such a finding is supported by substantial evidence which demonstrates that

> (A) there has been any medical improvement in the individual's impairment or combination of impairments * * * and
>
> (B)(i) the individual is now able to engage in substantial gainful activity.[2]

*Id.* at § 2(a).

Congress provided that these amendments shall apply to cases seeking judicial review pending as of September 19, 1984, and directed that all medical improvement cases be remanded to the Secretary for review in accordance with the Act. *Id.* at § 2(d).

We construe this to be a medical improvement case, and so must remand it to the Secretary. The Secretary never challenged the first determination of disability. The Secretary and the ALJ terminated Steele's benefits because the ALJ found that "commencing in June, 1981, the claimant no longer experienced an impairment or combination of impairments which would significantly interfere with his ability to engage in basic work-related functions." The Secretary did argue in her supplemental brief that "the new evidence shows that the claimant's condition was not so severe as first believed and that he is in fact not significantly impaired." This argument cannot serve as a ground for termination under the new Act, however, because none of the "new evidence" which the Secretary

suggests indicates that Steele's condition is not so severe as first believed involves new or improved diagnostic techniques or evaluations. *See id.* at § 2(a) (§ 223(f)(3) of the Social Security Act as amended). None of the other grounds for termination set forth in the statute have been alleged by the Secretary.

We therefore remand the case to the district court with instructions to remand to the Secretary for review pursuant to the Act. On remand the Secretary must produce substantial evidence demonstrating that there has been medical improvement in Steele's impairment, anxiety neurosis, and that Steele is now able to engage in substantial gainful activity. Pursuant to the Act, Steele will be entitled to interim benefits upon remand, and if he is found to still be disabled, he will be entitled to retroactive benefits beginning with the month in which his benefits were terminated. *Id.* at §§ 2(e), 2(f).

---

provement cases to the Secretary, *Rush* would compel reversal in this case because the Secretary did not meet her burden of production.

**2.** The Act also provides several other grounds for termination: (1) where the claimant has benefitted from advances in medical or vocational therapy or technology; (2) where the claimant's impairment is shown to be not as disabling as originally determined, based on

new or improved diagnostic techniques; or (3) where the prior determination of disability is shown to be in error. In each case there must also be substantial evidence that the individual is now able to engage in substantial gainful activity. Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, § 2(a), 98 Stat. 1794 (1984).