**Arthur J. HARMON, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

No. 83–5755.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 1, 1984.

Decided Dec. 3, 1984.

G.C. Perry, III, Perry & Preston, John David Preston, Paintsville, Ky., James Ratliff, Pikeville, Ky., for plaintiff-appellant.

Louis DeFalaise, U.S. Atty., Lexington, Ky., for defendant-appellee.

Before STEWART, Associate Justice; * LIVELY, Chief Judge; and WELLFORD, Circuit Judge.

PER CURIAM.

This case represents an appeal from an adverse determination by the Secretary of Health and Human Services, holding that appellant, Arthur J. Harmon, is not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 401–433 (the "Act").

On March 8, 1982, appellant was informed that his disability benefits, originally awarded on April 2, 1969, were to be terminated. Appellant requested a hearing, which was held before an Administrative Law Judge (ALJ) on September 7, 1982. On December 29, 1982, the ALJ rendered his decision. It was the opinion of the ALJ that appellant, though severely impaired, was not disabled for purposes of the Act. The ALJ specifically concluded that appellant had a severe impairment, but also concluded that under the Secretary's new regulations, appellant was not "disabled" within the meaning of the Act.[1] Appellant was found to be 53 years of age, with a limited eighth grade education. The ALJ found that from the medical evidence presented he could perform "light" work.[2] Applying the regulations established by the Secretary, this resulted in a finding of "not disabled" for purposes of the Act. The Appeals Council affirmed this decision and it became the decision of the Secretary. On September 20, 1983, the federal district court affirmed this decision as being supported by substantial evidence. This appeal ensued.

As stated previously, the ALJ's decision in this case was to *terminate,* as opposed to denying a grant of, benefits. On April 2, 1969, appellant had previously been granted benefits by a different hearing officer. That hearing officer concluded that appellant was disabled for purposes of the Act, basing his decision on the reports of several doctors. In December of 1967 appellant was involved in a work-related accident in which he injured his back.[3] The medical evidence presented at that hearing tended to show that the accident in 1967 left appellant with a "sprained back." A report by Dr. A.B. Carter demonstrated that appellant had a "herniated cervical disc," and a "herniated lumbar disc." A letter from Dr. Martin S. Brown related that appellant at that time was "totally disabled, but how long this may continue, of course is questionable, and depends to a considerable extent on the treatment program." A similar letter was introduced from Dr. Curwood R. Hunter. There were several other exhibits and depositions introduced into evidence at this hearing. From this evidence the first hearing officer concluded that appellant was disabled.

▪ To terminate benefits previously granted, the Secretary must establish that the previously established disabling condition has improved. This has been the law in other circuits and is now the law in the Sixth Circuit. *See Simpson v. Schweiker,* 691 F.2d 966 (11th Cir.1982); *Patti v. Schweiker,* 669 F.2d 582 (9th Cir.1982).

▪ In *Haynes v. Secretary of Health and Human Services,* 734 F.2d 284 (6th Cir.1984), this court concluded that in a termination case the Secretary's decision to terminate must be supported by substantial

---

* The Honorable Potter Stewart, Associate Justice (Retired), Supreme Court of the United States, sitting by designation.

1. Regulations now prescribe whether a claimant is "disabled" or "not disabled" in most cases. *See Kirk v. Secretary of Health and Human Services,* 667 F.2d 524 (6th Cir.1981), *cert. denied,* 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983); 20 C.F.R. §§ 404.1501–1599 (1982). Generally, "grids" can be applied to determine the claimant's status.

2. "Light" work is defined as being able to lift no more than 20 pounds at a time, with frequent lifting of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b).

3. Appellant had been involved in a prior accident in 1956 in which he received a fractured skull. He recovered from this accident and returned to work approximately three months later.

evidence tending to show that the claimant's condition has improved since the time of the previous award. There is a presumption in such a case that the claimant is still "disabled" for purposes of the Act.

This presumption of continuing disability requires that the Secretary produce evidence that the claimant's condition has improved, and in the absence of such evidence the claimant will be deemed to be still disabled. If the Secretary produces evidence, that the claimant's condition has improved, the claimant, bearing the ultimate burden of showing disability, may, of course, produce evidence to the contrary. The standard of judicial review is whether the Secretary's finding that there has been medical improvement in the claimant's condition to the extent that the claimant is now able to engage in substantial gainful activity is supported by substantial evidence.

*Id.* at 288. *See also Daring v. Heckler*, 727 F.2d 64 (3d Cir.1984); *Perry v. Heckler*, 722 F.2d 461 (9th Cir.1983); *Iida v. Heckler*, 705 F.2d 363 (9th Cir.1983); *Dotson v. Schweiker*, 719 F.2d 80 (4th Cir. 1983).

■ The "medical improvement standard" adopted in *Haynes* was codified in the Social Security Disability Reform Act of 1984, H.R. 3755, 98th Cong., 2d Sess., 130 Cong.Rec. H9821 (daily ed. Sept. 19, 1984). This Act applies to all disability termination cases pending in federal courts as of September 19, 1984, and requires that such cases be remanded to the Secretary for review under the proper standard. The Secretary has moved that we remand the case to the district court with instructions to remand to the Secretary for further proceedings. Payment of benefits will resume pending a decision on remand. *See Franklin v. Secretary*, 746 F.2d 1476 (6th Cir., 1984).

We grant the Secretary's motion in light of this legislation (and in light of *Haynes*). The judgment of the district court is vacated and the case remanded to the district court with directions to remand to the Secretary for further proceedings accordingly.