**Donnie D. RUBLE, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

No. 84–1309.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 26, 1984.
Decided Dec. 10, 1984.

Ralph W. Muxlow, II, Santa Fe, N.M., for appellant.

Judith M. Strong, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Donnie D. Ruble appeals from an order of the district court affirming a decision of the Secretary of Health and Human Services (Secretary) to terminate appellant's social security disability insurance benefits. For the reasons discussed below, we reverse the court and remand for further proceedings.

In 1973 the Secretary found that appellant was disabled because of suspected rheumatoid arthritis. In April 1982, the Social Security Administration notified appellant that his benefits would cease because it had determined that he was capable of performing substantial gainful activity in October 1981. Appellant appealed the decision. On October 20, 1982, appellant appeared before an administrative law judge (ALJ). Appellant testified that his condition had remained unchanged since 1973.

On April 27, 1983, the ALJ found that appellant did not have a severe impairment that significantly affected his ability to perform basic work functions. See 20 C.F.R. § 404.1520(c). On July 29, 1983, the Appeals Council affirmed. On February 6, 1984, the district court granted the Secretary's motion for summary judgment.

On September 19, 1984, Congress passed the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (1984). The President signed the Act on October 9, 1984, and it became effective on that date. Among other things, the Act sets forth the standard of review for disability benefits terminations. The Act provides, in pertinent part, that disability benefits may be terminated when it is determined that the impairment has ceased, does not exist, or is not disabling—if such a finding is supported by substantial evidence which demonstrates that

(A) there has been any medical improvement in the individual's impairment or combination of impairments * * * and

(B)(i) the individual is now able to engage in substantial gainful activity.

*Steele v. Heckler*, 748 F.2d 492, at 493–494 (8th Cir.1984) (footnote omitted). Section 2(d) of the Act provides an automatic remand for medical improvement cases pending in courts on September 19, 1984. *Steele*, at 494.

We believe that this case is subject to the remand provisions of the Act. As in *Steele*, the Secretary terminated appellant's benefits on a finding that he did not have a severe impairment. *See Id.* at 494. We, therefore, remand the case to the district court with instructions to remand to the Secretary for review pursuant to the Act. As noted in *Steele*, appellant "will be entitled to interim benefits upon remand, and if he is found to still be disabled, he will be entitled to retroactive benefits beginning with the month in which his benefits were terminated." *Id.* at 494.