Shirley DAGUE, Plaintiff,

v.

Margaret M. HECKLER, Secretary of United States Department of Health and Human Services, Defendant.

No. 84–C–345–D.

United States District Court,
W.D. Wisconsin.

Dec. 21, 1984.

Memorandum March 19, 1985.

John A. Kaiser of Riley, Ward & Kaiser, S.C., Eau Claire, Wis., for plaintiff.

Jeffrey M. Anderson, Asst. U.S. Atty., John R. Byrnes, U.S. Atty., Madison, Wis., for defendant.

## ORDER

JAMES E. DOYLE, District Judge.

Despite the assistance counsel afforded me in the course of a telephone hearing on December 14, 1984 on defendant's motion to remand this case to the Secretary, I remain in doubt and request counsel's further assistance. Since the December 14 conference, I have re-read Section 2(d)(2) and (6) even more closely and now think I perceive aspects not discussed among us.

To recapitulate briefly, the actions that the Act requires to be remanded are "actions relating to medical improvement." An "action relating to medical improvement" is specifically defined as "an action raising the issue of whether an individual who has had his entitlement to benefits ... based on disability terminated ... should not have had such entitlement terminated ... without consideration of whether there has been medical improvement in the condition of such individual ... since the time of a prior determination that the individual was under a disability." Read literally this would mean an action in which the complaint reads:

(1) On day 1, SSA determined that I was under a disability and entitled to disability benefits.

(2) On day 100, SSA terminated my entitlement to disability benefits.

(3) When SSA terminated my benefits on day 100, it did so without consideration of whether there had been medical improvement in my condition since day 1.

(4) SSA should not have terminated my benefits on day 100 without such consideration.

Continuing to construe Section 2(d)(2) and (6) literally, I suggest that unless the complaint raises this issue, remand is not required. On the other hand, if it does raise this issue, remand is required even though the complaint may fail to allege that in truth plaintiff was disabled as of day 100, or that in truth there had been no medical improvement or insufficient improvement to remove the disability.

Under this view, I would simply examine the complaint to see whether, fairly construed, it raises this issue. If so, remand would be ordered. (I refrain presently from comment on how the actual complaint in this case should be construed, in this respect).

However, I think of many reasons why Congress may have intended something other than such a literal reading of the description of the category of cases in which it was requiring remand. I will not list these reasons. Perhaps chief among

them is that Congress may have intended to cause a fairly large number of cases, in which disability benefits have been terminated, to be remanded by the courts to permit fresh administrative review in accordance with standards newly formulated by Congress; this purpose would appear to be undercut if remand were to occur only when the complaint is phrased substantially as I phrased it in the example set forth above in this order.

One question is whether the definition embodied in Section 2(d)(6) is so explicit that I am not free to engage in judicial construction of it. But assuming I am free to do so, the critical question is how it should be construed to reflect Congressional intent. In answering this question, the Congressional history of the remand requirement may be helpful. Defendant should be in a good position to assemble and provide the court with the pertinent Congressional history. I do not imply that plaintiff is not free to conduct her own inquiry into that history. Of course, I do not imply that I would be predisposed to accept the interpretation of that history urged by either the plaintiff or the defendant.

Counsel for defendant may serve and file, no later than January 31, 1985, a further brief in support of its motion to remand. Within 15 days of service of defendant's brief, plaintiff may serve and file an answering brief. Within 10 days of service of plaintiff's brief, defendant may serve and file a reply brief. Although I specifically request that these briefs propose a precise construction of Section 2(d)(6) and that they provide evidence of the Congressional history of that definition, they need not be limited to those points. Defendant may present every reason she wishes to present in support of the motion to remand while plaintiff may present every reason she wishes in opposition, including a contention that remand, even if otherwise required, should be deferred until the court addresses and decides certain specific questions.

## MEMORANDUM

With regard to defendant's Motion to Remand Pursuant to the Social Security Disability Benefits Reform Act of 1984 ("the Act"), I conclude that this is an "action relating to medical improvement" and that, under section 2(d)(2) of the Act, I am required to remand it to the Secretary forthwith, without action on the merits of any of plaintiff's claims of error.

In both the telephone hearing on December 14, 1984, and the order issued by this court on December 21, 1984, I attempted to express my uncertainty as to what Congress intended by the language of section 2(d)(6) undertaking to define "actions relating to medical improvement." Section 2(d)(6) defines such an action as one "raising the issue of whether an individual who has had his entitlement to benefits ... based on disability terminated ... should not have had such entitlement terminated ... without consideration of whether there has been medical improvement in the condition of such individual ... since the time of a prior determination that the individual was under a disability."

In my order of December 21, 1984, I offered one possible interpretation and invited briefs as to what cases Congress intended as candidates for compulsory remand. Specifically, I requested counsel to propose precise constructions of section 2(d)(6). Plaintiff has not done so. Defendant offers the rather ambiguous proposition that section 2(d)(6) was meant to encompass "all medical cessation cases" (the term used in defendant's brief) pending in the courts, regardless whether the issue of an absence of medical improvement is raised in the court complaints. Defendant makes no attempt to define "medical cessation cases," as distinguished from other "cessation cases."

Defendant argues that although the legislative history of the Act contains no specific guide to construction of the very words of section 2(d)(6), the overall purpose of the remand provision is "to resolve the current controversy over the medical improvement issue" (S.Rep. No. 466, 98th

Cong.2d Sess. 14 (1984)) by directing the Secretary to grant fresh review to a fairly broad category of pending appeals of disability terminations. Defendant bases this argument in part on *Soper v. Heckler*, 754 F.2d 222 at 224 (7th Cir.1985), which notes that, in light of the Seventh Circuit's existing standard requiring evidence of medical improvement in disability terminations, "almost all requests contesting termination decisions in this circuit" meet the definition of "actions relating to medical improvement" under the Act.

Based on the legislative history, and despite the words of the Congressional definition appearing in section 2(d)(6), I construe "actions relating to medical improvement" to mean all actions brought against the Secretary by persons whose disability benefits have been terminated, in which the allegations of the complaint, the allegations of the Secretary's response, or other portions of the record thus far developed in the court make it reasonably clear that had the Reform Act of 1984 been in force when the Secretary was considering termination, she would have been obliged to address the question of medical improvement.[1] When this test is applied to the present case, it is clear that it is an "action relating to medical improvement" as defined by the Act.

Plaintiff seems to concede this point, but contends that here there exist several contentions unrelated to medical improvement. These contentions may provide independent bases for reversal or remand of the Secretary's termination decision. Plaintiff suggests that if this court were to reverse or remand solely on the merits of these "non-medical improvement" arguments, this action would no longer fall within the category of cases requiring remand under the Act. I do not agree. Under recent interpretations of the Act, remand is mandatory for all cases deemed to be "actions relating to medical improvement." *Soper v. Heckler*, at 224; *Steele v. Heckler*, 748 F.2d 492, 494 (8th Cir.1984).

I expressly refrain from commenting on the merits of plaintiff's three "non-medical-improvement" arguments. According to section 2(d)(4) of the Act, the decision by the Secretary on a case remanded under the Act "shall be regarded as a new decision on the individual's claim for benefits, which supersedes the final decision of the Secretary." I assume that upon remand plaintiff will be afforded ample opportunity to raise, and defendant to address, the "non-medical-improvement" issues.

It is ordered that this action is remanded to the Secretary, pursuant to section 2(d)(2).[2]

---

1. In reaching this construction, I do not rely on *Soper*. It seems to me that how the Seventh Circuit construed the Act prior to the changes embodied in the Reform Act of 1984 is irrelevant in delineating the group of cases in which Congress intended to compel, on a national scale, remand of court actions to the Secretary.

2. Plaintiff requests that in the event of remand, this court order a stay of current administrative actions to collect past benefits, pending the final outcome of the case upon remand. I construe the remand provision of the Act not to permit me to enter such an order. However, section 2(e) of the Act provides:

   (e) Any individual whose case is remanded to the Secretary pursuant to subsection (d) or whose request for a review is made in a timely manner pursuant to subsection (d), may elect, in accordance with section 223(g) or 1631(a)(7) of the Social Security Act, to have payments made beginning with the month in which he makes such election, and ending as under such section 223(g) or 1631(a)(7). Notwithstanding such section 223(g) or 1631(a)(7), such payments (if elected)—

   (1) shall be made at least until an initial redetermination is made by the Secretary; and

   (2) shall begin with the payment for the month in which such individual makes such election.

   A suspension of administrative efforts to collect past benefits pending the decision upon remand is not explicitly required by section 2(e). If the claimant elects under 2(e) to receive payments pending the redetermination decision of the Secretary, it seems rather incongruous that the Secretary would continue, during that period, efforts to obtain from the claimant reimbursement of earlier payments.