Wojciech W. BLOCHO, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

No. Civ–83–720E.

United States District Court, W.D. New York.

May 14, 1986.

---

5. The infamous Atlantic County election of 1910 illustrates this point. "More than a thousand illegal registrations were discovered in Atlantic City. Many more such cases were suspected, but the destruction of numerous hotel registers handicapped the investigators. Repeaters brought from as far away as Philadelphia were voted in gangs under various names in several precincts.... At one poll, challengers were given drugged water to put them out of commission; in other districts they were physically intimidated and even arrested. One Democratic poll worker was kidnapped." Richard McCormick, *The History of Voting in New Jersey,* 1953 at 206.

Josephine A. Greco, Buffalo, N.Y., for plaintiff.

Donald A. Simet, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

This appeal by the Secretary from the June 26, 1985 Report and Recommendation of the Magistrate presents the sole question whether the Social Security Disability Benefits Reform Act of 1984 ("the Reform Act"), Pub.L. No. 98–460, 98 Stat. 1794 (1984), mandates a remand to the Secretary for reconsideration of all actions relating to medical improvement within its meaning. The Magistrate held, consistent with his previous decisions—*see e.g.* Decision and Order of the Magistrate in *Rizzi v. Heckler*, CIV–83–1064E (W.D.N.Y. April 18, 1985)—, that such automatic remand is not required where the record provides a ground, independent of the medical improvement issue, for reversal of the Secretary's decision. Because the Magistrate found a number of independent grounds for reversal in this case, he recommended that it be remanded to the Secretary solely for the computation and reinstatement of all benefits. The Secretary has not objected to the Magistrate's finding of independent grounds but only to the Magistrate's conclusion that the existence of such avoids the necessity of automatic remand in light of the medical improvement issue.

Section 2(d)(2) of the Reform Act provides in pertinent part as follows:

"In the case of [determinations with respect to which a request for judicial review was pending on September 19, 1984, and which involve an individual litigant or a member of a class in a class action who is identified by name in such pending action on such date] in actions relating to medical improvement, the court shall remand such cases to the Secretary for review in accordance with the provisions of the Social Security Act as amended by this section."

The phrase "actions relating to medical improvement" is defined in section 2(d)(6) as actions

"raising the issue of whether an individual who has had his entitlement to benefits under * * * the Social Security Act based on disability terminated (or period of disability ended) should not have had such entitlement terminated (or period of disability ended) without consideration of whether there has been medical improvement in the condition of such individual (or another individual on whose disability such entitlement is based) since the time of a prior determination that the individual was under a disability."

The statutory language concerning which cases shall be remanded is broad and might fairly be read to support either party's position. An examination of the legislative history, coupled with an understanding of the remedial purposes of the Social Security Act and of the Reform Act, however, convinces this Court that the Magistrate's interpretation is correct.

The purpose and scope of the Reform Act as set forth in the House Report are, "first, to clarify [sic] statutory guidelines for the determination process to insure that no beneficiary loses eligibility for benefits as a result of careless or arbitrary decision-making by the Federal government. Second, the bill is intended to provide a more humane and understandable application and appeal process for disability applicants and beneficiaries appealing termination of their benefits. Finally, the bill seeks to standardize the Social Security Administration's policy-making procedures * * *." H.R.Rep. No. 618, 98th Cong., 2d Sess. 2, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3038, 3039.

As was noted in *Stewart v. Heckler*, 599 F.Supp. 298, 300 (S.D.N.Y.1984), "it would not be a rational construction of the new law to require a remand in a case where it is clear that benefits must be restored regardless of what findings may or may not be made on remand with respect to plaintiff's medical improvement." Such a result would not be "humane" or "understandable." *See also Colella v. Heckler*, 604 F.Supp. 593 (E.D.Pa.1985); *Claassen v. Heckler*, 600 F.Supp. 1507 (D.Kansas 1985).

■ The Secretary argues that *Stewart v. Heckler* should be distinguished because the court in that case had already applied the relevant medical improvement standard so that remand to the Secretary would result in redundant litigation. It is clear, however, that the analysis in such case is broader than that. *See* 599 F.Supp., at 300 fn. 6. This Court agrees with that analysis and believes it should apply to the case at bar. Language in the House Conference Report further supports the conclusion that the remand provision is not as all encompassing as the Secretary would have it.

"The section provides that certain specified court cases involving medical improvement be remanded to the Secretary for review under the medical improvement standard established in this Act. Cases pending in court which do not involve medical improvement would not, of course, be remanded to the Secretary for such a review." H.R.Rep. No. 1039, 98th Cong., 2d Sess. 28, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3085.

Although the statutory language is somewhat ambiguous, it is apparent that a logical reading of the Reform Act and one that comports with the better established remedial intent of Congress in this area of the law compels the conclusion that the remand provision is intended primarily to protect claimant by insuring that the appropriate medical improvement standard is applied in those instances where it is germane to the ultimate disposition of the case. It would not be germane, and hence should not be applied, where benefits may be awarded on an independent ground.

The Secretary has presented cases supposedly in support of her position but close analysis finds them not only to be distinguishable, but also to some extent consistent with this Court's analysis. As the plaintiff points out, a number of cases cited by the Secretary involve situations where the district court had affirmed the Secretary's denial of benefits. Thus a remand would be consistent with the remedial purposes of the reform act. *Camp v. Heckler*, 765 F.2d 729 (8th Cir.1985); *Rankin v. Heckler*, 761 F.2d 936 (3d Cir.1985); *Soper v. Heckler*, 754 F.2d 222 (7th Cir.1985); *Parker v. Heckler*, 750 F.2d 1474 (11th Cir.1985); *Harmon v. Secretary of H.H.S.*, 749 F.2d 357 (6th Cir.1984); *Steele v. Heckler*, 748 F.2d 492 (8th Cir.1984); *Jackson v. Heckler*, 745 F.2d 1326 (10th Cir.1984). *Heckler v. Kuehner, et al.,* —— U.S. ——, 105 S.Ct. 376, 83 L.Ed.2d 312 (1984), and *Heckler v. Lopez, et al.,* —— U.S. ——, 105 S.Ct. 583, 83 L.Ed.2d 694 (1984), both mem-

orandum decisions in which the Court granted certiorari and vacated the judgments of the Courts of Appeals with instructions to remand pursuant to section 2(d)(2)(C) of the Reform Act, can hardly be said to provide definitive guidance on the present issue. Moreover, as plaintiff asserts, both cases, as well as *Hyatt v. Heckler*, 757 F.2d 1455 (4th Cir.1985)—also cited by the Secretary—, concern class actions and hence different considerations than those here present. Accordingly, it is hereby

ORDERED that the decision of the Secretary of Health and Human Services is reversed and the case remanded solely for the computation and payment of benefits.