817 F.2d 26
 17 Soc.Sec.Rep.Ser. 510, Unempl.Ins.Rep. CCH 17,356
Charles D. WALKER (85-5451) Aubrey M. Nichols (85-5452)
Chester Grablis (85-5453) Syl V. Chance (85-5454) Byrns D.
Watkins (85-5455) Robert F. Hunter (85-5456) Georgia R. Roth
(85-5635) Earl Garrett (85-5644), Plaintiffs-Appellees,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.
 Nos. 85-5451 to 85-5456, 85-5635 and 85-5644.
 United States Court of Appeals,
Sixth Circuit.
 Argued July 17, 1986.
Decided April 24, 1987.
 
 Joe B. Brown, U.S. Atty., Nashville, Tenn., William T. Warren, Jason R. Baron (argued), Office of the Gen. Counsel, Baltimore, Md., for defendant-appellant.
 Allston Vander Horst (argued), Centerville, Tenn., for Roth.
 Kathryn F. Calhoon, Nashville, Tenn., for Walker.
 D.C. Daniel, Jr. (argued), Murfreesboro, Tenn., for Nichols.
 Wm. G. Wilkinson, Ashland City, Tenn., for Chance.
 Perry R. Happell, Nashville, Tenn., for Watkins.
 Richard L. Cummings, Nashville, Tenn., for Hunter.
 Walter Keith Crawford, Jr. (argued), Cookeville, Tenn., for Garrett.
 Before KENNEDY, WELLFORD and BOGGS, Circuit Judges.
 BOGGS, Circuit Judge.
 
 
 1
 On October 24, 1984, after finding a common, determinative issue in all eight of these Social Security disability cases, the United States District Court for the Middle District of Tennessee issued a single memorandum opinion, holding that the Secretary had failed to make the findings necessary to overcome a presumption of continuing disability. On December 18, 1984, the Secretary filed a motion for remand under Rule 60(b), Fed.R.Civ.P., which the court denied without opinion. The Secretary appealed. Because we find that the district court's denial of this motion was an abuse of discretion, we vacate the court's judgment and order the cases remanded to the Secretary.
 
 
 2
 On October 9, 1984, Pub.No. 98-460, 98 Stat. 1794 (1984), the Social Security Disability Benefits Reform Act of 1984 ("the Act") became law.[1] By the Act, Congress attempted to harmonize conflicting procedures for determining whether to terminate disability benefits, and to streamline extensive litigation over termination of disability benefits. The Act set forth new standards for evaluating "medical improvements" and further provided that, in all "medical improvement" actions pending on September 19, 1984, "the court shall remand such actions to the Secretary for review...." Pub.L.No. 98-460, Sec. 2(d)(2), 42 USCA Sec. 423 Note (Supp.1987).
 
 
 3
 In the cases before us, the Secretary argues that the district court erred in its October 24 opinion by reaching the merits of these eight "medical improvements" cases, rather than remanding them to the Secretary as required by the Act.[2] Neither the court's October 24 opinion nor its denial of the Secretary's Rule 60(b) motion makes any mention of the Act or its requirements.[3]
 
 
 4
 As several of the plaintiffs point out, a district court judgment regarding a Rule 60(b) motion determination generally may not be disturbed unless we find that the district court abused its discretion in acting upon the motion. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir.1980); H.K. Porter Co. v. Goodyear Tire & Rubber Co., 536 F.2d 1115, 1119 (6th Cir.1976). In this case, however, the district court did abuse its discretion by failing to follow the mandate of the Act. The Act clearly provides that "the court shall remand [all cases pending on September 19, 1984] to the Secretary...." Pub.L.No. 98-460, Sec. 2(d)(2) (emphasis added).
 
 
 5
 Our court has directly ruled on this issue in Harmon v. Secretary of Health and Human Services, 749 F.2d 357 (6th Cir.1984). There, we affirmed that the Act "applies to all disability termination cases pending ... as of September 19, 1984, and requires that such cases be remanded to the Secretary for review under the proper standard." Id. at 359. (emphasis added). The district court thus had no discretion to deny the Rule 60(b) motion, and it was a mistake to deny the Secretary's motion to remand.
 
 
 6
 Plaintiffs raise several procedural objections to this conclusion. They contend: (1) that the Secretary should be barred from raising the Act because no objection was made to the Magistrate's proposed opinion on the merits; (2) that the Act was not raised before the district court made its original October 24, 1984 ruling; and (3) as to plaintiff Roth, no motion for remand was ever made. These contentions are without merit.
 
 
 7
 The Secretary's appeal is from the denial of the Rule 60(b) motion. That motion is not based on any specific error in the Magistrate's proposed ruling, and is not barred by the failure to object. The Act was not passed until thirteen days after the Magistrate's proposed memorandum, and the Secretary still had to determine which were the thousands of cases, from among many more thousands of cases pending, to which the Act would apply. The Secretary accomplished the task with regard to these cases and filed motions within fourteen days, certainly not an unreasonable time. Even if these cases were not identified as fitting within the Act before the Judge's original ruling, the Rule 60(b) motion appropriately brought the matter to his attention. Finally, plaintiff Roth was treated identically with the other plaintiffs in this action. By the Rule 60(b) motion, which did apply to all plaintiffs, the district court was apprised of the application of the Act to Roth. The command of the Act is directed to the district court, and is not vitiated by the Secretary's oversight in not originally filing a remand motion with respect to Roth.
 
 
 8
 Certain plaintiffs contend that even if the district court erred with regard to the remand mandated by the Act, their cases should not be remanded, for individual reasons. Plaintiff Nichols complains that the administrative law judge who presided at his termination hearing became incapacitated and did not issue the final opinion in his case. Plaintiff Walker complains that his initial claim file was lost, and thus there is no basis for measurement of any "medical improvement." Plaintiff Roth contends that even if her medical improvement is conceded, there has never been record evidence that she could do work that exists in substantial numbers in the national economy.
 
 
 9
 With regard to Nichols, any error in the initial hearing may be removed during the remand proceedings. If the Secretary persists in relying on a credibility determination by an administrative law judge who did not see the witnesses, that may be attacked after the remand. With regard to Walker, the Secretary has promulgated regulations to deal with "lost file" cases. 20 C.F.R. Sec. 404.1594(c)(3)(v) (1986). Under the mandate of the Act, those procedures must be given the chance to work, on remand. Roth's contention is still all of one piece with her medical improvement evidence. The extent of the activity permitted by her medical condition, even if improved, is the essence of the decision that must be made on remand.
 
 
 10
 We note that these three plaintiffs, as well as the other plaintiffs in this case, will continue to receive interim benefits under Sec. 2(e) of the Act, and as conceded by the government at oral argument. In addition, should they ultimately be found under a continuing disability, they will be eligible for retroactive benefits to the same extent as if they were successful here.
 
 
 11
 We therefore VACATE the judgment of the district court, and REMAND these cases to the district court, with instructions to remand to the Secretary for further consideration under the Act.
 
 
 
 [1]
 The main text of Pub.L.No. 98-460 has since been codified at 42 U.S.C. Sec. 423 (Supp. II 1984)
 
 
 [2]
 The Secretary does not specify, either in his original motion or in his brief to this court, a particular subsection of Rule 60(b) under which relief is sought. However, the motion may reasonably be construed as a Rule 60(b)(1) motion (based on "mistake") or a 60(b)(6) motion ("any other reason justifying relief from the operation")
 
 
 [3]
 There is some question as to whether the Secretary apprised the district court of the Act's remand requirement prior to the court's October 24, 1984 opinion. The Secretary states that his predecessor "contemporaneous[ly]" informed the court of the Act's remand requirement in motions for remand filed pursuant to the new Act. As the Secretary notes, however, "these motions were not acted upon by the district court."