849 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David L. SOMMERS, Plaintiff-Appellant,
v.
Violet Dass SCHAEFER, Daniel N. Thomas; and Unnamed
Defendants, Defendants- Appellees.
 No. 87-5515.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1988.
 
 Before WELLFORD, BOGGS and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this action the plaintiff, David Sommers, claims a civil rights violation stemming from defendant Schaefer's allegations that Sommers kidnapped and robbed her. Schaefer instituted criminal and civil proceedings against Sommers to redress the wrongs allegedly done by him. Following this, Sommers was arrested and later released pending presentation of a grand jury indictment. The grand jury decided not to proceed against Sommers, who protested his innocence, and criminal charges were finally dropped on February 24, 1987, more than two years after his arrest. Schaefer's civil actions have yet to be finally resolved.
 
 
 2
 Sommers was not idle during this time and sued Schaefer in every forum available. Proceeding pro se, he filed a counterclaim charging Schaefer and her attorney Thomas with false arrest, and also instituted his own civil proceedings in state court on February 26, 1986. This state action charges Schaefer and Thomas with malicious prosecution and false arrest for proceeding against him on the kidnapping and robbery charges. It too has not yet been resolved. Sommers also filed a federal civil rights action on his own behalf on September 26, 1986, alleging violation of his constitutional rights by reason of Schaefer's actions.
 
 
 3
 Schaefer and her codefendant moved to dismiss the federal action within a short time after its filing. The motion listed several reasons warranting dismissal including the statute of limitations and the fact that the underlying criminal case had not been decided, which they argued made resolution of plaintiff's malicious prosecution claim premature. The district judge dismissed the action. He ruled that Sommers' action was too late because he did not meet the one-year statute of limitations applicable to a Sec. 1983 claim brought in Kentucky as required by Wilson v. Garcia, 471 U.S. 261 (1985). He also found that the malicious prosecution claim was premature because at that point neither the criminal nor civil actions had been dismissed.[1]
 
 
 4
 The defendants sought attorney's fees from Sommers under 42 U.S.C. Sec. 1988, arguing that Sommers' complaint was frivolous and that Sommers should have known, even though he was proceeding without counsel, that he had no claim of malicious prosecution until the underlying actions were resolved. They also argued that the plaintiff had acted in bad faith by filing a federal action while his state proceedings, alleging the same harm, were still pending. The defendant Thomas asked for reimbursement of $1,818.75 for services rendered to his client, Schaefer. The district court awarded $1000 to defendants in an order dated February 17, 1987, which states only that the plaintiff's claim was frivolous.
 
 
 5
 On March 3, 1987, Sommers asked the district court to reconsider its decision to dismiss his case. He directed the court's attention to the fact that the criminal charges against him, instigated by defendants, had been dismissed, and that now his malicious prosecution claim could proceed. The motion to reconsider was denied April 14, 1987. This appeal followed.
 
 
 6
 There are two questions we must address at this stage of the litigation. First, we must examine whether the court should have reopened Sommers' case when he showed the criminal action had been dismissed. We must also decide whether it was proper to make Sommers pay the defendants' attorney fees.
 
 
 7
 Sommers' motion for reconsideration can be characterized as a motion under Fed.R.Civ.P. 60(b)(6). The court's action on such a motion is to be reviewed for abuse of discretion. Walker v. Secretary of Health and Human Services, 817 F.2d 26 (6th Cir.1987); In re Salem Mortgage Co., 791 F.2d 456 (6th Cir.1986). The fact that the criminal action against Sommers had been dismissed did little to cast doubt upon the court's determination that he waited too long to bring his claim. We find no abuse of discretion on these grounds.
 
 
 8
 Section 1988 grants the district court discretion to award attorney's fees to prevailing defendants, but this freedom must be guided by consideration of Congress' intent not to punish actions prosecuted in good faith or to inhibit the pursuit of arguable claims. Before a court may award fees, it has to find the action was frivolously or unreasonably brought, or was without foundation in law. Hughes v. Rowe, 449 U.S. 5 (1980); Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978); Tarter v. Raybuck, 742 F.2d 977 (6th Cir.1984), cert. denied, 470 U.S. 1051 (1985). In Tarter our court said it would review awards of attorney's fees with deference to the district court tempered by an awareness that congressional intent could be frustrated if fees were awarded too liberally against claimant. 742 F.2d at 986. Here the court found that Sommers' suit was frivolous but gave no reasons why it found the claim to be entirely without merit.
 
 
 9
 Sommers' pro se status further complicates matters in this regard under a Christiansburg analysis, especially where the plaintiff claims he repeatedly attempted to secure counsel. We have shown some solicitude for individuals charged with attorney's fees when they, as opposed to their attorneys, had some justifiable basis for believing they had a valid claim. See In re Ruben, 825 F.2d 977, 986-87 (6th Cir.1987), cert. denied sub nom. Swan v. Ruben, 108 S.Ct. 1108 (1988). We have also held that it is error to award attorney's fees against a claimant when some, but not all, claims are frivolous. Tarter, supra, 742 F.2d at 987-88. These cases counsel special care in reviewing a Sec. 1988 award against a pro se litigant such as Sommers. See also Miller v. Los Angeles County Board of Education, 827 F.2d 617 (9th Cir.1987) (award of fees against pro se plaintiff vacated for finding that he had reason to believe claim would be baseless). We find the Miller approach to be appropriate in these particular circumstances. The district court must determine whether a case brought by a layman should be deemed to be frivolously brought if it is found to be barred by the statute of limitations.
 
 
 10
 In summary, we AFFIRM the district court's decision under Rule 60(b), but we REMAND the case for further consideration and articulation of reasons for imposition of attorney fees, if any are deemed appropriate.
 
 
 
 [1]
 It is unclear whether Judge Johnstone considered these claims to be pendent state actions or part of Sommers' Sec. 1983 claim. He refers to them as both in his order, but it appears he intended to treat all of Sommers' claims as part of a single Sec. 1983 cause of action